## CALLAWAY v. DOUGLASVILLE COLLEGE.

*Lumpkin, J.*—1. A legal return of service is essential in a civil action to give the court jurisdiction of the person of the defendant, and until such return has been made the defendant is not required to plead to the merits.

2. Under the facts disclosed, there was no error in refusing to direct a verdict for the plaintiff, nor in continuing the case.

November 2, 1896. Argued at the last term.     *Judgment affirmed.*

| | |
|---|---|
| 99b | 623 |
| f113 | 161 |
| f113 | 162 |
| 99 | 623 |
| Case 2 | |
| 118 | 509 |
| 99 | 623 |
| Case 2 | |
| 119 | 803 |
| 99 | 623 |
| Case 2 | |
| 120 | 324 |
| e120 | 326 |

Complaint. Before Judge Janes. Douglas superior court. November term, 1895.

To the May term, 1895, of the superior court, Mrs. Callaway sued the Douglasville College to recover an amount alleged to be due her. The suit was brought in conformity to the Neel act of 1893. The case was regularly set for trial for a day during the trial term. No plea was filed up to the time the case was called on that day, nor was any plea then offered, nor had any counsel marked his name for defendant, and none was marked on the docket when the case was called. Plaintiff's counsel moved to be allowed to take a verdict for the amount sued for. W. T. Roberts, Esq., stated to the court that he was counsel for defendant, and objected to a verdict being taken, on the

ground that his associate was absent and had left the court-room because the court had taken up the criminal docket and did not expect to take up any more civil business. The sheriff's entry of service did not show that any officer or agent of defendant had been served, but showed that J. T. Duncan had been served. Plaintiff was allowed to amend the entry of service by stating that Duncan was secretary and treasurer of defendant. Plaintiff then insisted that she be allowed to take a verdict. The court refused to allow the verdict, and stated that he did not call the docket at the first term as required by the act of 1893, and that J. S. James, one of counsel for defendant, had leave of absence for the day. The court was engaged in the trial of criminal cases, and had previously announced that no civil business was to be heard that week, and the case had not been reached or called in its regular order at the time plaintiff moved to take a verdict. It, however, had been set for that day, and plaintiff by leave of the court moved for verdict. The court refused to allow the verdict taken, and continued the case. Plaintiff excepted.

*W. P. Davis, W. B. Willingham* and *J. M. Edge & Son,* for plaintiff. *J. S. James, W. A. James* and *W. T. Roberts,* for defendant.