## PHŒNIX INSURANCE COMPANY *v.* GRAY.

1. A bill of exceptions which complains of the overruling of a certiorari, sued out to review in a superior court a judgment of a city court denying a motion for a new trial, is, as to the matter of assigning error, sufficiently clear and explicit when it alleges that the superior court erred in overruling the certiorari, it appearing that a copy of the motion for a new trial was attached to the petition for certiorari and that in this petition exception was taken to the action of the city court in refusing to grant the motion.

2. There was no error in rejecting a letter which had been written by a witness and which was tendered in evidence for the purpose of impeaching him, when it contained nothing in conflict with his testimony on the stand.

3. Admitting illegal evidence offered to establish a particular contention is not cause for a new trial, when the court distinctly charged the jury that it failed to accomplish the purpose for which it was introduced and should be disregarded, and when, under all the instructions given with reference thereto, this evidence was not calculated to injure the party objecting to the same.

4. A principal is not bound or affected by the unauthorized acts of a special agent with limited powers, unless he ratifies the same.

5. An instruction which puts upon a party the burden of establishing an admitted fact is calculated to mislead a jury and should not be given.

6. A policy of fire-insurance covering a house and furniture, and containing a stipulation rendering it void if the insured shall without the consent of the company procure additional insurance on the property covered in whole or in part by such policy, becomes void if the insured, without such consent, obtains from another company a policy insuring the furniture only.

Argued February 17, — Decided March 18, 1899.

Certiorari. Before Judge Felton. Bibb superior court. April term, 1898.

*Anderson, Anderson & Grace,* for plaintiff in error.
*Estes & Jones,* contra.

LUMPKIN, P. J. The Phœnix Insurance Company issued to E. T. Gray a policy of fire-insurance for $1,525, covering a building and the furniture therein. In the policy was a stipulation that, unless otherwise provided by agreement endorsed· thereon or added thereto, it should " be void if the insured now has or shall hereafter make or procure any other contract ·of insurance, whether valid or not, on the property covered in whole or in part by this policy." The property insured was consumed by fire, and Gray brought his action against the in- surance company. The defense was that, after taking out the policy above mentioned, Gray had procured from the Orient Insurance Company a policy in the sum of $300, covering the same furniture as that insured by the Phœnix company. There was no contention that this company had by agreement consented to the additional insurance. It appeared at the trial that the second policy was taken out by one Rodgers, who at the time was assuming to act for Gray in so doing. The de- fendant contended, (1) that Rodgers was the general agent of Gray and, as such, was authorized to take out this policy; (2) that Rodgers was specially authorized by Gray to obtain the additional insurance from the Orient company; and (3) that after this policy had been procured by Rodgers in behalf of Gray, the latter, with a full knowledge of the facts, ratified what Rodgers had done and claimed that the Orient company

was liable upon this policy. On the other hand, Gray contended, (1) that Rodgers was not his general agent; (2) that he had never instructed Rodgers to take out this policy in the Orient company, but had specifically directed him to get the additional insurance from the Phœnix company; and (3) that he had never in any manner ratified the act of Rodgers or made any claim against the Orient company. Upon the issues thus made much evidence was introduced on both sides. Apparently it preponderated upon the side of the defendant, but there was enough testimony, if entitled to credit, to sustain the verdict returned in the plaintiff's favor. In view, however, of what has just been stated, it is quite clear that a new trial should be ordered if any material error of law was committed by the trial judge. We have reached the conclusion that there was at least one such error, which will be pointed out at its proper place in the discussion which follows. The bill of exceptions alleges error in overruling a motion for a new trial, filed by the defendant. Before undertaking to deal with the questions thereby presented, we will first dispose of a question of practice raised in this court by a motion to dismiss the writ of error.

1. The case was tried in the city court of Macon. A motion for a new trial was made by the company, and overruled by the judge of that court. The defendant then sued out a certiorari, alleging in its petition that the city court erred in overruling the above-mentioned motion, and attaching to the petition a copy thereof. The superior court overruled the certiorari, and the bill of exceptions alleged that this was error. The motion made here to dismiss the writ of error was based on the ground that the bill of exceptions did not "specify plainly the alleged error complained of, the specification of error consisting of a reference to the errors specified in the certiorari, which certiorari specifies the error by reference to the motion for a new trial reviewed by the certiorari." We have no difficulty in reaching the conclusion that the case was properly brought to this court. By attaching to the petition for certiorari a copy of the motion for a new trial and alleging that the judge of the city court erred in denying this motion, the

questions upon which the superior court was asked to pass were distinctly made; and the bill of exceptions, in alleging that the superior court erred in overruling the certiorari, is sufficiently clear and explicit in the matter of assigning error. There was certainly no necessity for incorporating into the bill of exceptions the grounds of the motion for a new trial. A copy of the same, as has been seen, was attached to the petition for certiorari, which was specified as a material part of the record and is therefore regularly before this court.

2. On the trial in the city court, Rodgers was introduced as a witness for the plaintiff, and testified at considerable length. The defendant offered in evidence, for the purpose of impeaching this witness, a letter written by him after the fire to an agent of the company. This letter was objected to as irrelevant, and the objection sustained. A careful examination thereof discloses that it really contains nothing contradictory of or in conflict with the statements made by Rodgers on the stand as a witness, and we therefore have no hesitation in holding that the rejection of this evidence was proper.

3. The plaintiff offered certain evidence with the object of showing that the defendant company had waived its right to contend that its policy was void on the ground of "double insurance." This evidence tended to prove that the company, after having received proofs of loss, expressed dissatisfaction with the same and called for additional proofs. The court admitted this evidence over the defendant's objection; but, as appears from the record, subsequently charged the jury that it did not establish the alleged waiver, that it should accordingly be disregarded, and that the only issue for determination by them was whether or not Gray in fact procured concurrent insurance in violation of the stipulation contained in the defendant's policy. It therefore plainly appears that the alleged error in admitting the evidence objected to was effectually cured, and consequently affords to the company no cause of complaint. What the court did was, in effect, a complete ruling out of this evidence, and it could have had no bearing whatever upon the jury's determination of the case; for we must assume that they followed the plain instructions of the court with respect to this matter.

4. The fourth headnote deals with one of the main questions involved at the trial. The court correctly instructed the jury, in effect, that if Rodgers was only the special agent of Gray and, as such, was in terms directed to procure the additional insurance in the Phœnix company, but in violation of his instructions took out a policy in the Orient company, then Gray would not be bound by what Rodgers did in the premises, unless, with a full knowledge of the facts, Gray subsequently ratified Rodgers' unauthorized act. It seems to us a proposition too plain for discussion, that a special agent with limited powers can not by any act outside the scope of his authority bind his principal. While the latter may, of course, by adopting as his own the unauthorized act of the agent, render the same binding upon himself, the agent's violation of duty can count for nothing in the absence of such ratification on the part of his principal. The charge of the court was in exact accord with the familiar rule here stated. In the same connection, the trial judge further charged, as it was proper to do in view of the defendant's contentions, that if Rodgers was the general agent of Gray for the transaction of all his business, then what Rodgers did in taking out the policy in the Orient company was binding upon Gray, irrespective of the question of ratification.

5. Complaint is made of the following charge: "In order for the defendant to avail itself of the defense that the plaintiff secured, authorized, or ratified the taking of a second policy of insurance which would avoid the first policy, the burden is on the insurance company to show by a preponderance of the testimony that the property named in the second policy was the same, in whole or in part, as that covered by the first policy." It being an admitted fact that the personal property was covered by both policies, and there being no controversy whatever as to this point, it is obvious that the charge above quoted should not have been given, as it introduced an issue upon which the jury were not called upon to pass. In other words, the instruction complained of placed upon the defendant the burden of establishing by a preponderance of testimony an admitted fact, and therefore may have had some tendency to mislead and confuse the jury.

6. The court further charged the jury in this connection: "If you believe from the evidence in the case that the policy sued on covers other and different property from that covered by the Orient policy introduced in evidence, then I charge you that the policy sued on would not be avoided by the taking out of the Orient policy, although such Orient policy may have been taken out on the authority of the plaintiff or ratified by him." The error of this instruction is manifest, and in our judgment entitled the defendant to a new trial. It practically amounted, in view of the undisputed facts shown by the evidence, to directing a verdict in favor of the plaintiff. There was no dispute that his house as well as his furniture was insured under the policy issued by the Phœnix company, whereas the policy taken out in the Orient company covered only his furniture. Consequently the jury, in following this instruction, were constrained to find for the plaintiff, regardless of the merits of the defense relied on by the defendant company. We order a new trial because of the error thus committed, and for the further reason that, in view of the entire record and the general complexion of the case, the ends of justice require that it should undergo another investigation.

*Judgment reversed.    All the Justices concurring.*