## KUHNEN *v.* BURT.

The record disclosing no evidence tending to sustain the verdict finding for the plaintiff in fi. fa. against the ground in the affidavit of illegality alleging a want of service, the court erred in refusing a new trial.

Argued June 10,—Decided July 25, 1899.

Illegality.   Before Judge Kimsey.   Habersham superior court.   September term, 1898.

*Crane & McMillan,* by *John M. Graham,* for plaintiff in error.

SIMMONS, C. J.   This case arose upon an affidavit of illegality, the main ground of which was the want of service, or of any kind of notice.   Mrs. Kuhnen, the plaintiff in error, was sued jointly with her husband, in a justice's court; judgment was rendered against the "defendant," and an execution was issued against both defendants and levied upon her property.   The judgment being that of a justice's court, there are no jurisdictional presumptions in its favor.   "Generally the judgment of a court of special and limited jurisdiction must be disregarded unless the facts necessary to support such jurisdiction are established affirmatively."   Freem. Judg. § 527.   It is undisputed that there was no service, and that Mrs. Kuhnen did not appear in court.   There was a waiver of some sort, signed by her husband, which was not introduced in evidence, and the nature of which does not distinctly appear.   It does not appear that he signed it in her name; and if he did sign it in her name and not merely for himself, it does not appear that she authorized him to do so.   The authority of a husband to do an act which will bind his wife's separate estate must appear affirmatively.   The case of the plaintiff in execution rests wholly upon the testimony of one Harper; and the striking feature of his testimony is its uncertainty, and what he does not say.   This witness is the person who obtained the waiver from the husband.   The wife was present, but it appears from the evidence that she was wholly ignorant of the English language.   This is uncontradicted.   She and her husband were Germans, who had not been long in this country.   Harper says: "I took the original summons to Mr. Kuhnen's for the pur-

pose of getting them to acknowledge service.    Told them what I came for.    Kuhnen was sick, but he signed it.    *Don't know whether Mrs. Kuhnen signed it or not.*    She *might* have, and it *may* [be] that her husband signed it for her in her presence. Kuhnen and his wife had a talk after I told them what I came for, and then he signed the waiver.    Mrs. Kuhnen never appeared in court."    This is the whole of the testimony of this witness.    For aught he knew, Mr. Kuhnen simply told his wife to get a pen and ink.    According to Mrs. Kuhnen's testimony she did not understand what the paper was about, and did not sign anything; and nobody contradicts her.    Another witness testified that he was "employed in the case by Mr. Kuhnen, for the defendants," but "was not employed by Mrs. Kuhnen. There is not a scintilla of evidence showing authority from Mrs. Kuhnen to anybody to sign anything for her, or to represent her in the case.    Facts essential to support a verdict against Mrs. Kuhnen upon the issue made by her affidavit of illegality are therefore wanting; and the trial judge erred in not granting her a new trial. .

*Judgment reversed.    All the Justices concurring.*