NEWS PRINTING CO. *v.* BRUNSWICK PUBLISHING CO.

In the absence of a legal return of service, the court has no authority to enter a judgment by default.

Argued February 8, — Decided March 28, 1901.

Motion to set aside judgment.   Before Judge Nottingham. City court of Macon.   April 23, 1900.

*Marion W. Harris*, for plaintiff in error.
*Hardeman, Davis, Turner & Jones*, contra.

Cobb, J.   This was a motion to set aside a default judgment entered against a garnishee.   The motion was based upon several grounds, but we shall deal with only one, as we are of opinion that it was well taken, and that for the reason set forth therein the judgment should have been vacated.   This ground of the motion raises the point that the News Printing Company, the garnishee, was never served with the summons of garnishment.   The officer's return of service stated that service had been made on "The News Publishing Company."   After the judgment by default was entered the return of service was amended by stating that service was made on the News Printing Company.   The court had no authority to enter a default judgment against the garnishee until it had before it proper proof that a legal service had been made upon it.   See 6 Enc. P. & P. 29 (4), and numerous cases cited in note 5.   Evidence that the News Publishing Company had been served was certainly no proof of service upon the News Printing Company.   It follows from this that the judgment entered against the plaintiff in error in the present bill of exceptions was void.   It is contended, however, that as the officer afterwards amended his return and showed that service was actually made on the plaintiff in error, this amendment related back and made valid the judgment which was entered.   That a legal return of service is essential in a civil case to give the court jurisdiction of the person of the defendant was

distinctly ruled in the case of *Callaway* v. *Douglasville College*, 99 *Ga.* 623.    It appears from the facts of that case that a return of service which was defective was allowed to be amended, and that the court refused to allow a judgment by default to be entered, notwithstanding the amendment.    It was further ruled in that case that until there was such a return as is above indicated the defendant could not be required to plead to the merits, and that the court properly refused to allow a judgment by default to be entered against the defendant, he having had no opportunity to plead to the merits after the return of service had been perfected by amendment.    It is true it was held in the case of *Freeman* v. *Carhart*, 17 *Ga.* 349, that a constable's return of service on a justice's court summons might be amended after judgment, and in that case a motion to set aside the judgment, based on the ground that there had been no legal return of service, was overruled after the amendment was allowed.    Upon an examination of the facts of that case it will be discovered that there was a perfect return of service, that is, an acknowledgment of service by the defendants as sued.    The suit was against a partnership composed of Freeman and Benson, and the acknowledgment was signed Freeman & Benson.    Presumably this firm signature was by some one authorized to sign by the firm, and upon such an acknowledgment a judgment could have been properly entered.    When a motion to set aside the judgment was made on the ground that one of the partners had not authorized the firm name to be signed, the plaintiff showed by an affidavit of the constable the circumstances under which the acknowledgment of service was signed, from which it appeared that both partners were present, and that the partner signing did so with the knowledge and consent of the other partner.    This affidavit of the constable was treated by the court as an amendment to the return of service, and from this it appeared that the return as originally entered was one authorized by the members of the firm whose name appeared duly signed thereto.    The effect of the overruling of the motion to set aside the judgment was to hold that the judgment was properly entered.    This case is authority for nothing more than the proposition, that when there is a complete return of service showing an acknowledgment of service, which prima facie authorizes a judgment against the defendant, and the only question is as to the authority of the person who has signed the acknowledgment,

an amendment to the return, simply setting forth the authority to make the acknowledgment, would be allowed after judgment ; but the allowance of such an amendment would not have the effect of vitiating the judgment formerly entered, that having been based upon a legal return of service.

In the present case it appears from the first return of service that the summons of garnishment was served upon the News Publishing Company, and upon this return of service the court entered judgment against the News Printing Company. The court had no more authority to do this than it would have had to enter a judgment against John Doe upon a return of service showing that the summons had been served upon Richard Roe; and this being so, if the judgment in the latter case could not be saved by an amendment to the return of service, in which the name of John Doe was substituted for that of Richard Roe, an amendment to a return of service changing the person from the News Publishing Company to the News Printing Company would not have the effect of saving a judgment entered upon the original return of service. Where there is upon the face of the record evidence showing prima facie that the defendant has been served, as there was in the case of *Freeman* v. *Carhart*, supra, the return of service may be amended so as to show the authority of the person acknowledging service to sign the acknowledgment, as was done in that case. But where there was, as in the present case, nothing whatever upon the face of the record showing that the person against whom the judgment was entered had in any way been served with process, the court, according to the ruling in the *Callaway* case, supra, was without jurisdiction to enter the judgment, the same was void, and an amendment showing that the defendant was actually served would not have the effect of saving the judgment. The judgment so entered was void, and the court should have sustained the motion to set the same aside.

*Judgment reversed. All the Justices concurring.*