WOOD *et al. v.* CALLAWAY.

1. A return of service of a justice's court summons, which alleges that the constable served the defendant " by serving him at his most notorious place of abode, . . personally, by calling at the door " of his residence and handing the summons to a man who answered to the name of the defendant, is a return of personal service.

2. A finding by a jury in favor of a traverse to such a return is demanded, when the evidence shows that no personal service was had upon the defend-

ant, even though it may also appear from the evidence that service was perfected by leaving a copy of the summons at his usual and most notorious place of abode.

Argued March 11, — Decided March 29, 1904.

Certiorari.    Before Judge Lumpkin.    Fulton superior court. June 19, 1903.

W. J. Speairs, for plaintiffs.
Bishop & Ripley, for defendant.

COBB, J.   A justice's court summons was sued out against Callaway, and the constable returned the summons with an entry thereon that he had served a copy thereof upon the defendant personally.   The defendant not having appeared, judgment was entered against him.   During the pendency of a garnishment which had been issued on the judgment, the defendant made an affidavit traversing the return of service.   When the issue made by the traverse came on for a hearing before a jury in the justice's court on appeal, the constable amended his return of service as follows:   "I served R. C. Callaway by serving him at his most notorious place of abode, to wit, at No. 314 Luckie Street, Atlanta, Georgia, on October 18th, 1898, personally by calling at the door, and a man came to the door and answered to the name of R. C. Callaway, and I handed him the copy of the suit."   On the trial the undisputed evidence showed that the defendant was not in Atlanta on the day when the service purported to have been made; and also that the constable did leave a copy of the summons at the defendant's residence, by handing the same to a person who came to the door.   The jury found in favor of the traverse, and the judge of the superior court overruled a certiorari sued out by the plaintiff in the suit and the constable jointly. They excepted.

Service of a justice's court summons may be made by handing the defendant a copy of the same in person, " or by leaving such copy at his usual and most notorious place of abode."   Civil Code, § 4118.   If, therefore, the amended return of the constable is to be construed as a return of personal service, then the undisputed evidence showed that no such service was made, and the traverse was properly sustained.   On the other hand, if such amended return is to be construed as a return of service by leaving a copy at the usual and most notorious place of abode of the defendant,.

then the uncontradicted evidence showed that such service was made, and the verdict of the jury in favor of the traverse can not be sustained.     We think it clear that the amended return was a return of personal service.     The constable does not aver that he served the defendant by leaving a copy at his usual and most notorious place of abode, as the statute requires, but he alleges that he served the defendant "by serving *him* at his most notorious place of abode, . . personally by calling at the door," etc.   Evidently the constable intended by the amendment simply to amplify and explain his original return.     He had construed his act in handing a copy of the summons to a man who answered to the name of the defendant to be personal service on the defendant; and he amended by simply setting forth what he actually did, and expressly averred this to be personal service.     Inasmuch as the evidence showed that there had been no personal service on the defendant, the jury properly sustained the traverse, and the judge of the superior court properly overruled the certiorari.   It is wholly immaterial that there may have been a good service upon the defendant by leaving a copy of the summons at his residence.   In order for the court to obtain jurisdiction of a defendant, he must not only have been served in the manner pointed out by law, but there must be a legal return of such service.   *Callaway* v. *Douglasville College*, 99 *Ga.* 623; *News Printing Co.* v. *Brunswick Publishing Co.* 113 *Ga.* 160.

*Judgment affirmed.   All the Justices concur.*