## McLEAN v. HATTAN et al.

1. When irrelevant and immaterial evidence is admitted over objection, and the judge, in his charge to the jury, distinctly instructs them not to consider the evidence thus admitted, calling especial attention to the evidence covered by such instructions, the judgment will not be reversed for the error in admitting the evidence in the first instance.

2. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

Submitted July 18, 1906.—Decided February 14, 1907.

Trover. Before Judge O'Steen. City court of Douglas. December 14, 1905.

McLean brought an action of trover against H. T. Hattan and Charlie Brewer, to recover certain mules; the defendants denied the title of plaintiff, and set up title in themselves. The jury returned a verdict in favor of the defendants, and the plaintiff excepts to a judgment overruling his motion for a new trial.

*Lankford & Dickerson,* for plaintiff.

*Quincey & McDonald,* for defendants.

COBB, P. J. (After stating the facts.)

In two of the grounds of the motion for a new trial complaint is made of the admission of evidence, on the ground that it is immaterial and irrelevant. To each ground the judge appends a note, stating that in his charge he instructed the jury not to consider the evidence, as it did not bear upon any material issue in the case. These instructions of the judge were, in effect, a ruling out of the evidence; and therefore the admission of the evidence in the first instance affords no reason for reversing the judgment.

Complaint is made that the court charged the jury that the burden was on the plaintiff to convince them of the truthfulness of his contentions, by a preponderance of evidence. The burden rested upon the plaintiff to show that he was the owner of the mules at the time the suit was filed. The defense was that he had sold the mules to the defendants. The complaint is that the charge compelled the plaintiff to establish a negative,—that is, that he did not sell the mules. The plaintiff, at the outset of his case, had imposed upon him the burden of establishing ownership; and this burden rested upon him throughout the trial. It might, in such a case, after a prima facie case of ownership had been made out by the plaintiff, become necessary for him, in reply to the de-

fense, to show that he did not sell; but the burden to show ownership, which was an affirmative fact, was upon him at all times; and there was no error in the charge as applied to the facts.

In one ground of the motion it was alleged, that the court erred in a specified portion of the charge, which is quoted. There is no other assignment of error than that contained in the averment that the court erred. It is well settled that when an assignment of this kind is offered, the only question for decision is whether the proposition stated in the extract from the charge is correct as abstract law.. No inquiry will be made as to whether the law thus charged is applicable to the case. Applying this rule, the extract was sound law. If the movant desired. to take exception to it on the ground that it was inapplicable, there should have been an assignment of error to that effect.

Complaint is made that the court erred in failing to charge upon what is essential to make or constitute a conditional sale. There was no evidence authorizing instructions upon this subject.

The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*