## Buchanan v. The State.

Lumpkin, J.  1. Where certain evidence is admitted, but subsequently the judge rules it out, and so informs the jury, and instructs them that they should not consider it in arriving at their verdict, as a general rule this will not require a new trial.

(a) If there are any exceptional cases in which a new trial will be granted where evidence is erroneously admitted and then ruled out, this, in the light of the recitals in the grounds of the motion for new trial and of the judge's note appended thereto, is not such a case.

2. The evidence was sufficient to authorize the verdict.  The female alleged to have been raped testified positively to the commission of the crime.  There was evidence of other witnesses tending to corroborate her testimony, including evidence of a complaint by her to her mother of an improper proposal to her by the accused (her own father) several years before the time of the alleged offense, followed by a severe whipping by him; evidence that, on occasions when she and her father had been alone together, she was found by others in tears or with the appearance of having been crying; that the father was a man who drank heavily, and on one occasion ran his family away from home; that he had in his possession certain things sometimes used in connection with sexual intercourse, and which she testified that he exhibited to her; and that an illegitimate child was later born to the girl; and there was no evidence pointing to any other man as having been intimate with her.  She also explained delay in reporting the crime on account of the former beating and repeated threats.  While some parts of her testimony may not have been entirely satisfactory, yet the evidence as a whole was sufficient to support the verdict; and the presiding judge having approved it, a new trial will not be required.

3. None of the grounds of the motion for a new trial require a reversal

*Judgment affirmed.  All the Justices concur.*
March 12, 1912.

Indictment for rape.  Before Judge Freeman.  Heard superior court.  December 11, 1911.

*S. Holderness* and *W. C. Wright,* for plaintiff in error.

*T. S. Felder, attorney-general, J. R. Terrell, solicitor-general,* and *W. C. Hodnett,* contra.