*Evans & Barrett,* contra.

---

### 5068. AMBROSE v. BARBER.

1. On the trial of a traverse to a return of personal service, proof of service by leaving a copy at the residence of the defendant will not avail the plaintiff.
2. The evidence demanded a finding in favor of the traverse to the return of service, and the court did not err in directing the jury so to find.

                    DECIDED NOVEMBER 25, 1913.

Affidavit of illegality; from city court of Baxley—Judge Sellers. April 5, 1911.

*W. W. Bennett,* for plaintiff.

*Parker & Highsmith,* for defendant.

POTTLE, J. The only question in this case is whether service of process had been made upon the defendant, so as to authorize the rendition of a judgment against her in the absence of an appearance and pleading. The officer made a return of personal service. The affidavit of illegality traversed the return at the first term after the defendant was apprized of its existence, and denied that she was ever served. It is settled law that where there is a return of personal service, a traverse thereof will be sustained upon proof of no personal service, even though another lawful mode of service may

be shown. *Wood* v. *Callaway,* 119 *Ga.* 801 (47 S. E. 178). The defendant, who was a married woman, living with her husband, testified that she was never served; and the correctness of the court's judgment in directing a verdict in favor of the traverse depends upon the testimony of the officer who made the return of service. From his testimony it appears that the husband and the wife were served jointly. The officer went with copies of the suit and process to the defendant's house, and stopped outside the front yard, at the gate, and did not get out of his buggy. The husband was in the yard and the defendant was scrubbing the porch, which was within three or four feet of the gate. The husband was between the officer and the defendant, and within hearing distance. The officer told the husband he had papers to serve on him and his wife, and handed two copies to the husband. The defendant was not more than ten feet away, and there was no reason why she could not hear the officer's remark to her husband. The officer never spoke to the defendant, nor did she speak. We think the court properly construed the testimony. The defendant says that she did not hear the conversation between the officer and her husband. She may have been engrossed with her work and failed to hear. The testimony of the officer is that she could have heard; hers that she did not hear. Besides, the husband had no right to accept service for his wife. Counsel calls our attention to the Biblical dogma that "They twain shall be one flesh;" and argues that in the eyes of the law, persons living together in wedlock should at least be enough one for the husband to represent the wife in such a matter as this in her very presence. We might take this view of it if the wife had heard the officer tell her husband that one of the papers was for her. In that case a jury might give some force to the natural curiosity which might be ascribed to the defendant to see what was in the papers. But the husband says that he got only one copy, and the wife claims that she heard no part of the conversation, and never knew that she was sued until she saw her property advertised in the paper for sale. The evidence does not show personal service, and, under the decision above cited, no proof of other service could avail the plaintiff in execution. See *Kuhnen* v. *Burt,* 108 *Ga.* 471 (34 S. E. 125).

*Judgment affirmed.*