## 6251. HAYS v. FOURTH NATIONAL BANK OF ATLANTA.

RUSSELL, C. J.  An affidavit of illegality upon the ground that notice of
the suit upon which the execution was based was not legally served is
not sustained by introducing in evidence the following entry of service,
upon the docket of the justice who tried the case, properly dated and
signed: "Served a copy of the within summons and note on the defend-
ant by leaving at his most notorious place of abode." The provisions
of section 4717 of the Civil Code designate the manner in which service
of a suit shall be made, but do not prescribe a form for the entry of the
return thereof.  The fact that in the present case the further descriptive
word "usual," as used in section 4717, was omitted in making the entry
does not void the service or the entry.  The most notorious place of
abode could be none other than the usual place of abode.  See, generally,
*Jones* v. *Tarver*, 19 *Ga.* 283; *Wood* v. *Callaway*, 119 *Ga.* 802 (47 S. E.
178);  Griffing v. Carlwell, 1 Rob. (La.) 16; Bruce v. Cloutman, 45
N. H. 37 (84 Am. D. 111); State v. Toland, 36 S. C. 515 (15 S. E. 599);
29 Cyc. 128; 39 Cyc. 873.  In the absence of any evidence whatever that
the return of service as entered did not speak the truth and that the
defendant in fact was never served as therein stated, no judgment other
than that rendered upon the affidavit of illegality would have been
proper; and the judge of the superior court did not err in refusing to
sanction the petition for certiorari. *Judgment affirmed.*

DECIDED DECEMBER 9, 1915.

Petition for certiorari; from Fulton superior court—Judge
Pendleton.  December 19, 1914.

*S. C. Crane,* for plaintiff in error.

*Hewlett, Dennis & Whitman,* contra.

---

## 6310. CLINE v. SCHOFIELD & LUCKETT.

WADE, J.  All the evidence in this case clearly discloses that before the
action of trover was brought, the plaintiff parted with the title to the
property.  There was an identification of the thing sold, an agreement
as to the price to be paid, and consent of the parties.  Civil Code,
§ 4106. The amount which by agreement was to be allowed for the article
sold, as a credit on the price of another article to be purchased by the
plaintiff, furnished a sufficient consideration. The trial judge did not err
in overruling the motion for a new trial. *Judgment affirmed.*

DECIDED DECEMBER 9, 1915.

Trover; from municipal court of Macon—Judge Daly.  Decem-
ber 8, 1914.

*Mallary & Wimberly,* for plaintiff.

*Cunningham & Wimberly, Herring & Sparks,* for defendants.