11525.   COOPER *v.* FOURTH NATIONAL BANK OF ATLANTA *et al.*

Under the facts of this case, service of a summons issued by the clerk of the municipal court of Atlanta, directed to the defendant and served on another person, more than eighteen years old, who lived in the house in which the defendant resided, with an entry of service as provided by the statute, was good although the person served did not actually live in the rooms occupied by the defendant, but occupied rooms across the hall from those in which the defendant lived.

DECIDED DECEMBER 16, 1920.   REHEARING DENIED DECEMBER 23. 1920.

(Certiorari was granted by the Supreme Court.)

Certiorari; from Fulton superior court — Judge George L. Bell. March 18, 1920.

The Fourth National Bank of Atlanta sued Cooper and others in the municipal court of Atlanta. There was a judgment in favor of the bank, and an execution was issued. An officer called upon Cooper for payment of the execution. He denied having been served or having had notice of the suit, and " filed his traverse to said return of service at the first term of the court after he had notice of said return of service." On the trial of the issue raised by the traverse it was shown that the defendant and his wife resided at 567 South Pryor street, Atlanta, Ga., in a one-story nine-room house, in which there was a hall with four rooms on one side which were occupied by them, while W. A. Brown and his wife occupied rooms across the hall, and that the hall had " a door at the front and a door at the rear entrance." The return

of the officer was as follows: "Georgia, Fulton County. I have this day served the defendant, J. B. Cooper, 567 Pryor St., by leaving a copy of the within action and summons at his most notorious place of abode in this county. Delivered same into the hands of Miss Brown, inmate, white person, described as follows: Age about 45 years, weight about 105 pounds, height about 5 feet and 6 inches, domiciled at the residence of defendant. This Sept. 20th, 1917. L. L. Johnson, D. Marshal." The defendant testified that there was no "Miss Brown" domiciled at his home on the date of the alleged return, and that he had never been served with any notice of the suit, and had never waived service nor authorized any one to do so for him. The officer testified "that he went to 567 South Pryor street and inquired for Mr. Cooper, and was informed by the lady who answered the door that Mr. Cooper was not at home but this was his home and he resided there, was out at his work, and that he understood her to say her name was Miss Brown, describing her as tall and angular, about 5 feet, 6 inches in height, weighing 105 pounds, about 45 years of age. After she told witness that Mr. Brown [Mr. Cooper?] resided there, he delivered her the summons for Mr. Cooper, and made the entry herein referred to." The trial judge overruled the traverse, the case was carried to the superior court by certiorari, the certiorari was "overruled and denied," and the defendant excepted.

*Morris Macks, Samuel A. Massell,* for plaintiff in error.

*Hewlett & Dennis,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) The brief for the plaintiff in error limits this court to the consideration of a single issue, to wit, is the service of the summons on the defendant, as shown by the entry of service and by the evidence on the traverse, sufficient? The provisions of the statute in reference to service of summons issued by authority of the municipal court of Atlanta are found in section 36 (Ga. L. 1913 p. 163), and are as follows: "Such summons and copy shall be served by the marshal, or his deputy, by delivering a copy thereof to the defendant, or by leaving such copy with some person more than eighteen years old domiciled at the residence of the defendant; and the marshal, or his deputy, as the case may be, shall make return of service, stating the method thereof; and, where personal service is not made, the marshal or his deputy, as the case may

be, shall state the place where summons was left, with a brief description of the person with whom it was left, giving the name of such person if possible." There can be no doubt that the defendant resided at No. 567 South Pryor street, and that service was perfected on a person "more than eighteen years old, domiciled at the residence of the defendant." Suppose the defendant had been asked where he resided, would he not have replied, "At 567 South Pryor street?" The statute in reference to service of process issued by the clerk of the superior court provides that "leaving a copy at the defendant's residence shall be a sufficient service." Civil Code (1910), § 5563. Summons issued by a justice of the peace may be served on the defendant "by leaving such copy at his usual and most notorious place of abode." Should a sheriff go to the residence of the defendant and push under the door a copy of a suit, with proper process attached, or if a bailiff should make a similar service of a summons issued by a justice of the peace, this service would be good. Why? Because the service has been perfected in the manner provided by statute. As persuasive argument of the position we take in this matter we quote from Lovin *v*. Hicks, 116 Minn. 182 (133 N. W. 576), as follows: "It is true that the statute, providing as it does for a substituted service, should be construed with reasonable strictness; but a construction should not be adopted that would defeat the purpose of the statute, or make it unreasonably difficult to obtain service of summons or process. The reason for permitting this substituted service is that, where the summons is left at the usual place of abode of the defendant and with a person of suitable age and discretion, defendant will in all probability receive it. To hold that the summons must be actually left in the house or in the rooms that constitute the place of abode would make it easy to avoid the service, and unreasonably difficult for the service"

In *McLeay* v. *Davison-Paxon-Stokes Co.,* 18 *Ga. App.* 134 (88 S. E. 992), the entry of the constable who served the summons issued by a justice of the peace was as follows: "Served the defendant with a copy of the within summons and note by leaving the same at her most notorious place of abode." Upon a trial of the issue formed by a traverse to this return the husband of the defendant testified that together with his wife and family he rented and occupied apartments "at the Georgian Terrace Apart-

ment House, which apartments were separate and distinct from all other apartments in said apartment house, except that all tenants in said apartment house used the same hall, which was one of several ways of entrance into said building; that his apartment was furnished by himself, and that all supplies for himself and family, as well as all packages, were delivered direct to his apartment, and that his said apartments were as separate and distinct as any individual residence of a family might or could be; . . that said Georgian Terrace Hotel is a hostelry separate and distinct from said apartment house; that guests are entertained at said hotel, which has no connection with the tenants of said apartment house; that the guests at said hotel are provided for on either the American or the European plan, and are furnished with all accommodations incident to a hotel." This service was held good by this court. The record in the case under consideration shows that the defendant was served in the manner pointed out by law, and that the statute was conformed to in the entry of service. When this has been done the service is good although the defendant may never see or receive the summons. See, in this connection, *Moye* v. *Walker*, 96 *Ga.* 769 (1) (22 S. E. 276); *Burbage* v. *American National Bank*, 95 *Ga.* 503 (20 S. E. 240); *Hays* v. *Fourth National Bank of Atlanta*, 17 *Ga. App.* 409 (87 S. E. 147).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*