COOPER *v.* FOURTH NATIONAL BANK OF ATLANTA *et al.*

Under the facts the substituted service of the summons from the mu-nicipal court of Atlanta was in compliance with the statute on the subject.

No. 2412. FEBRUARY 14, 1922. REHEARING DENIED MARCH 1, 1922.

Certiorari; from Court of Appeals. 26 *Ga. App.* 44.

*Morris Macks, Samuel A. Massell,* and *Hugh Howell,* for plain-tiff in error. *Hewlett & Dennis,* contra.

FISH, C. J. The case is here by certiorari to the Court of Appeals. The substituted service of summons from the municipal court of Atlanta is by leaving a copy thereof " with some person . . domiciled at the residence of the defendant." Georgia Laws 1913, p. 163. The entry of service of the deputy marshal was: " I have this day served the defendant, J. B. Cooper, 567 Prior St., by leaving a copy of the within action and summons at his most notorious place of abode in this county. Delivered same into the hands of Miss Brown, inmate white person, described as follows:" giving description. Defendant traversed this return,

and on trial of the traverse testified: ". . resides with his wife at 567 South Prior street, city of Atlanta, and has resided there continuously for the past eight years. That he leaves his home every morning to go to work about 5 o'clock; that his wife leaves there every morning at 7 o'clock and locks up the house, and there is nobody else resides at his house other than himself and wife and Mr. and Mrs. Brown. . . There is no person by the name of 'Miss Brown' living there, nor was there anybody by that name living in the house on the 20th day of September, 1917 [date of entry of service], that the house is a small cottage of nine rooms, and that he occupies four rooms, and that W. A. Brown and his wife occupied five rooms of this cottage, which is separate and distinct from the apartment occupied by witness and his wife. Both apartments are in the same cottage. There is but one front door and the hall running entirely through the cottage."

Other evidence is set out in the statement of facts made by the Court of Appeals. Note that defendant testified: "there is nobody else resides at his house other than himself and wife and Mr. and Mrs. Brown" — his family on one side of the hall and Brown's on the other. The cottage was therefore the residence of both families, and, in the sense of the statute as to substituted, service of summons from the municipal court of Atlanta, Brown and his wife were domiciled at the residence of the defendant, and service on Mrs. Brown, or, as the marshal designated her, "Miss Brown," was legal service, as the Court of Appeals correctly held.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*