14279. PERRY *v.* LOWRY COMPANY *et al.*

JENKINS, P. J. 1. Upon the trial of a traverse to an officer's return of service, the entry of service "is to be taken as more than merely prima facie true; and in order to justify a finding against the return, the evidence should be the strongest of which the nature of the case will permit, and even then it will not be deemed sufficient unless it be, in the opinion of the jury, so explicit and convincing as to show clearly that the entry of service is false." *Cochran* v. *Whitworth*, 21 *Ga. App.* 406, 407 (4) (94 S. E. 609).

2. The evidence of the officer making the return, to the effect that on going to defendant's place of business and inquiring for him, he served the person answering to that name, that to the best of his knowledge and belief the defendant then in court was the same person then served, and that "since seeing him so often here, I am more satisfied now than I ever was that he is the man that I served," authorized the jury to reject the evidence for the defendant that he was out of the State on the date of the service. *Gray* v. *State*, 6 *Ga. App.* 428 (4) (65 S. E. 191).

3. The special ground of the motion for new trial excepting to the admission of evidence, which was subsequently excluded by the court, is without merit. *Buchanan* v. *State*, 137 *Ga.* 774 (1) (74 S. E. 536); *McLean* v. *Hattan*, 127 *Ga.* 579 (1) (56 S. E. 643). The remaining grounds, excepting to the admission, on cross-examination, of certain other evidence as being irrelevant to the issue involved, show no error which might reasonably be taken as prejudicial to the rights of the plaintiff in error, and consequently do not authorize a reversal.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 12, 1923.

Garnishment; from city court of Atlanta—Judge Reid. December 16, 1922.

*B. F. Woodruff, Randolph & Parker,* for plaintiff in error.
*Etheridge, Sams & Etheridge,* contra.