27056. ELLIOTT *v.* PORCH.

DECIDED NOVEMBER 7, 1938. REHEARING DENIED DECEMBER 10, 1938.

*A. M. Zellner, W. B. Mitchell,* for plaintiff in error.

*Williams & Freeman,* contra.

FELTON, J. While in a case where there has been no return of service whatever, but it is made to appear that the defendant had in fact been served, the return of service may be made, on motion, by an entry nunc pro tunc so as to authorize the court to proceed with the case *(Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321, 325, 48 S. E. 25), still, in the absence of any return of service and of a proceeding of the nature above mentioned to supply the deficiency, the court has no jurisdiction to render a valid judgment *(Callaway* v. *Douglasville College,* 99 *Ga.* 623, 25 S. E. 850; *News Printing Co.* v. *Brunswick Pub. Co.,* 113 *Ga.* 160, 162, 38 S. E. 333; *Jones* v. *Bibb Brick Co.,* supra; *Wood* v. *Callaway,* 119 *Ga.* 801 (47 S. E. 178), and where, under the facts of the record in the present case, it was admitted that there was no return of service whatever before the judgment was rendered, and an execution was levied on the property of the defendant, who filed an affidavit of illegality on the grounds that he was not served with process or other notice of the suit out of which the execution issued, and that he did not waive service or appear in or defend the suit; and where, after the judgment was rendered, an entry of service nunc pro tunc was made by the officer, and judgment was rendered against the affidavit of illegality, the court erred in overruling the defendant's motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*

ON MOTION FOR REHEARING.

FELTON, J. Movant insists that the ruling in the case of *Wood*

182

v. *Callaway,* supra, is to the sole effect that a judgment based upon a *false* return should be set aside. It is true that this was a part of the ruling but we can not agree with the contention that it was all of it. The court construed the return as one of personal service, and held that inasmuch as the jury found it to be false no judgment could be based upon it. The court went further, however. The evidence showed that there had been service by leaving a copy of the summons at the defendant's residence, but the court said that that fact would not help the situation because there was no return of service at the residence. The ruling is equivalent to saying that there was no true return at all, and that where there is no true return the fact that service was in fact made according to law will not validate the judgment. In other words, the omission of the return is not an amendable defect which is cured by verdict. The *Wood* case is the oldest Supreme Court decision we have found to this effect, and we have found none older to the contrary, and there is no recourse but to follow it until it is reversed or set aside. Our opinion is that the presumption of a return arising from a judgment is overcome by proof that there actually was no return made. This view may clear up some of the confusion which has arisen on the subject.     *Rehearing denied*.