## 34180. KEYS v. KEYS.

WORRILL, J. "To authorize a judgment against a person who has not appeared and answered or otherwise submitted himself to the jurisdiction of the court, there must be not only service upon such person but also a legal return of such service. Until service has been made and a legal return entered, the court is without jurisdiction to enter judgment against a defendant who has not appeared. *Wood* v. *Callaway*, 119 *Ga.* 801, 803, and cases cited." *Albright-Pryor Co.* v. *Pacific Selling Co.*, 126 *Ga.* 498 (1), 500 (55 S. E. 251, 115 Am. St. R. 108); *Elliott* v. *Porch*, 59 *Ga. App.* 181 (200 S. E. 190). See also *Callaway* v. *Douglasville College*, 99 *Ga.* 623 (1) (25 S. E. 850); *News Printing Co.* v. *Brunswick Publishing Co.*, 113 *Ga.* 160 (38 S. E. 333); *Jones* v. *Bibb Brick Co.*, 120 *Ga.* 321 (1, 2), 324 (48 S. E. 25). Under the foregoing authorities a verdict in favor of the affidavit of illegality was demanded by the evidence in this case, and the superior court erred in overruling the certiorari and in entering judgment against the plaintiff in certiorari.

*Judgment reversed. Sutton, C.J., and Felton, J., concur.*

DECIDED SEPTEMBER 26, 1952.

*C. H. Dalton,* for plaintiff in error.

*Henry L. Barnett,* contra.

J. B. Keys filed a bail-trover action in a justice court of Gordon County alleging that Sudie Keys was in possession of certain personal property (listed in the petition) to which the said J. B. Keys claimed title, and that the defendant refused to deliver the same to him or to pay him the profits thereof. The defendant filed no answer and made no appearance upon the call of the case, and a default judgment was entered against the defendant for the sum of $188 and costs. It appears from the record before this court that there was no entry or return of service of the summons on the original thereof or on the court docket. The trial court issued an execution which was levied on certain real property of the defendant, and the defendant thereupon made an affidavit of illegality alleging that "Affiant has never had her day in court, was never served with process or other notice of the pendency of the suit whereupon said execution is based, nor did she waive service nor did she appear in or defend said suit," and "That no entry of service by an officer is shown on original papers or on the docket of the court wherein said judgment was rendered on the 14th day of January, 1952, before the Honorable W. J. Thornbrough, J. P."

The illegality was tried by the justice of the peace and a jury. Hugh Prater, a deputy sheriff of Gordon County, testified that he served the defendant with the papers in this case. The defendant in execution introduced in evidence copies of the original papers showing no entry of service thereon and the justice of the peace docket with no entry of service shown thereon. The defendant in execution testified that she had not been served with the summons in this case.

The jury returned a verdict against the illegality and the defendant in execution petitioned the superior court for a writ of certiorari, which was sanctioned. The justice of the peace in his response admitted that there was no entry of service on the docket or return of service on the original summons. The judge of the superior court overruled the certiorari and that ruling is excepted to in this court.