## 39628.   BOWEN v. TOWN FINANCE
## CORPORATION et al.

HALL, Judge.  The defendant (plaintiff in error) assigns error on a judgment denying a traverse of service and motion to set aside a default judgment against him.  The return of

service traversed was as follows: "Georgia, Fulton County. I have this day served the defendant William Bowen Jr. 86 Gammon by leaving a copy of the action and summons at his most notorious place of abode in this County, Delivered same into hands of Willie Mae Cullin, a Inmate (colored) person, described as follows: Age, about 22 years; weight, about 105 pounds; height, about 5 feet and 4 inches, domiciled at the residence of defendant. This 8-15-61 /s/ James H. Pirkle, Deputy Marshal." *Held:*

"The procedural rules of the Civil Court of Fulton County were created by statute and where such rules depart from those prescribed for the courts of general jurisdiction, the statutory enactments for the civil court will prevail, and the mode of procedure used in the superior court is inapplicable." *Washington Nat. Ins. Co. v. Edwards,* 102 Ga. App. 381, 382 (116 SE2d 514). The act of 1913, as amended, established the basic procedural rules for the Civil Court of Fulton County. Ga. L. 1913, p. 145. Section 36 of said act provides: "Such summons and copy shall be served by the marshal, or his deputy, by delivering a copy thereof to the defendant, or by leaving such copy with some person more than eighteen years old domiciled at the residence of the defendant; and the marshal, or his deputy, as the case may be, shall make return of service, stating the method thereof; and, where personal service is not made, the marshal or his deputy, as the case may be, shall state the place where summons was left, with a brief description of the person with whom it was left, giving the name of such person if possible."

The defendant did not deny that he resided at the address stated in the return of service. The conflict in the evidence, both as to whether the process was left at that residence and whether it was delivered into the hands of the person identified by the marshal, who the evidence showed lived at the residence, was resolved by the trial judge by finding that there was proper service, which he was authorized to do. *Perry v. Lowry Co.,* 31 Ga. App. 91 (119 SE 462); *Cooper v. Fourth Nat. Bank of Atlanta,* 26 Ga. App. 44 (105 SE 375), affirmed, 152 Ga. 599 (110 SE 723).

In view of the above decision it is unnecessary to decide whether the judge erred in finding that the traverse was not filed within the time prescribed by law.

328

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*
DECIDED JULY 13, 1962.

*Cassandra E. Maxwell,* for plaintiff in error.
*Wotton, Long, Jones & Read, Charles D. Read, Jr., Harold Sheats,* contra.