40976. HALL v. BROOKS.

DECIDED NOVEMBER 5, 1964—REHEARING DENIED NOVEMBER 19, 1964.

*Mitchell, Clarke, Pate & Anderson, Taylor W. Jones,* for plaintiff in error.

*Fred W. Minter,* contra.

FELTON, Chief Judge. The trial court erred in overruling the motion for a new trial for the reason that the evidence demanded a finding that the plaintiff in error was not served personally with the petition and process in the action filed against him. The uncontradicted testimony of the plaintiff in error was that he was not personally served at the time shown in the deputy marshal's return of service; that he was not present at the time and place shown in the return of service; and that he never saw the deputy marshal who made the return until the marshal's appearance in court at the time of the trial of the traverse. There was no direct or circumstantial evidence which was inconsistent with the testimony of the plaintiff in error. The deputy marshal testified that he served someone who answered to the name of the defendant but that he could not remember whom he served and that he could not remember having ever seen plaintiff in error before the trial of the traverse and that he could not identify the plaintiff in error as the person he served. The defendant in error attempted to show that the plaintiff in error was the one who was served by showing that the place at which the purported service took place was the most notorious place of abode of the plaintiff in error. The only direct evidence on that question was that such place was not the residence of the plaintiff in error. The five documents

introduced by the defendant in error do not tend in any way to show that the residence of the plaintiff in error was the address stated in the return of service. The 1964 property tax return, filed on plaintiff in error's property, and claiming a homestead exemption on it, was filed by the plaintiff in error's estranged wife, who still lives at that address. The plaintiff in error knew nothing about the tax return, had never seen it and had not filed it. The loan application filed by plaintiff in error to secure a home improvement loan has no bearing on plaintiff in error's residence because it contained no statement by plaintiff in error as to where he resided and was merely an application to secure a loan to improve the property at the address stated in the return. The security deed signed by plaintiff in error to secure the loan contained no statement as to the address of the plaintiff in error. A financing statement signed by the plaintiff in error as surety on the personal loan made to Leila B. Hall by Phelan Finance Corporation is not evidence of plaintiff in error's residence, because the financing statement shows on its face that the loan was in the name of Leila B. Hall only and shows only that the address of Leila B. Hall was the address stated in the return. No address of the plaintiff in error appears in this instrument. The 1964 license tag application for a 1963 Chrysler automobile registered in the plaintiff in error's name in Fulton County cannot be construed as evidence of his actual residence because the plaintiff in error testified that the automobile belonged to his daughter; that he originally had it registered in his name only as a favor to her; that she lives and operates the car in Fulton County and that he knew nothing about the 1964 license registration. The traverse in this case should have been sustained even if a lawful service at the plaintiff in error's most notorious place of abode had been proved. *Ambrose v. Barber,* 13 Ga. App. 788 (79 SE 1135); *Wood v. Callaway,* 119 Ga. 801 (47 SE 178).

The cases cited and relied on by the defendant in error and cited as authority in the trial judge's judgment overruling the traverse are not authority contrary to what we herein hold. In *Denham v. Jones,* 96 Ga. 130 (23 SE 78), the sheriff testified positively that he handed the copy of petition and process

to the defendant on the day named in his return; the clerk of the superior court testified that he handed the original and copy to the sheriff on the day of the service and that he pointed out to the sheriff the defendant, and that the sheriff took the papers and started out of the courthouse. In the instant case the deputy marshal did not testify positively that he served the plaintiff in error. The case of *Cochran v. Whitworth*, 21 Ga. App. 406 (94 SE 609) did not involve the issue in this case. In *Perry v. Lowry Co.*, 31 Ga. App. 91 (119 SE 462) the officer making the return testified that on going to the defendant's place of business and inquiring for him he served the person answering to that name and that to the best of his knowledge and belief the defendant then in the courtroom was the same person he served and that since seeing him so often he was more satisfied at the time of the trial than he ever was that the defendant was the man he served. There is no such positive identification of the plaintiff in error in the instant case. Furthermore, the uncontradicted testimony in the instant case showed that the plaintiff in error was not a resident of Fulton County but of Cobb County, at the time of the purported service.

The court erred in overruling the traverse and in overruling the plaintiff in error's motion for a new trial.

*Judgment reversed. Frankum and Pannell, JJ., concur.*