### 31414. WEAVER v. WEAVER.

HALL, Justice.

This is an appeal from a jury verdict and final judgment and decree of divorce entered by the Superior Court of Jackson County.

Appellee, Evelyn Weaver, filed for divorce from appellant, Richard J. Weaver, citing as grounds her

husband's cruel treatment and the irretrievable brokenness of the marriage. The appellant answered, admitting that the marriage was irretrievably broken and that the appellee was entitled to reasonable alimony and child support; he denied the cruel treatment allegation. The court granted the divorce on the pleadings. The issues of property division and amount of alimony and child support were presented to a jury; the jury's verdict as to these issues was made part of the divorce judgment. The trial court awarded custody of the parties' two minor children to the appellee.

1. Under our decision in *Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754) (1974), the judgment of divorce on the pleadings is affirmed.

2. Appellant contends that the trial court erred in allowing the parties' four children and the appellee's mother and sister to testify in front of the jury as to the appellant's acts of cruelty, resulting from his admitted alcoholism, where both parties admitted in their pleadings that the marriage was irretrievably broken and where appellant admitted in his pleadings that the appellee was entitled to a reasonable award of alimony and child support. In a pre-trial conference appellant's counsel moved that, since the parties' misconduct was not relevant to any of the issues before the jury, any such evidence should not be heard in the jury's presence. The court overruled this motion, and allowed in this evidence without restriction. Appellee contends that evidence of the appellant's cruelty was properly admitted for the purpose of determining which parent should have custody of the parties' minor children and as it might relate to appellant's earning capacity and ability to pay alimony and child support, and that the court properly charged the jury that they were not to consider the misconduct or faults of either party in fixing the amount of alimony and child support.

There is no issue as to whether or not alimony should have been awarded in this case, since the appellant admitted that appellee was entitled to reasonable alimony and child support. The only issue before the jury was the *amount* of alimony and child support to be awarded, based on the necessities of the wife and the

husband's ability to pay. See *Robertson v. Robertson,* 207 Ga. 686 (1) (63 SE2d 876) (1951). This court has held that the jury is not authorized to consider the parties' misconduct in determining the amount of alimony and child support. *Anderson v. Anderson,* 237 Ga. 886 (1976); *McCurry v. McCurry,* 223 Ga. 334 (1) (155 SE2d 378) (1967). We note, however, that evidence of appellant's alcoholism would be relevant to his earning capacity and ability to pay.[1] See *Fried v. Fried,* 211 Ga. 149, 151 (84 SE2d 576) (1954).

When divorce is sought by either party the court, not the jury, has the duty of disposing of the custody of the parties' minor children in their best interests. Code Ann. §§ 30-127 and 74-107. In making its award, the court may properly consider each parent's fitness for custody, his character, his personality, and his general health. See 23 EGL, Parent & Child, § 33 and cits. Any agreement or consent to custody between the husband and wife is not controlling on the court. *Stanton v. Stanton,* 213 Ga. 545 (5) (100 SE2d 289) (1957). In light of the above, it was the duty of the court to make a custody decision in the children's best interests, regardless of the appellant's apparent willingness to give custody to the appellee. In deciding the custody issue, appellant's alcoholism and resulting cruel treatment to his wife and children were relevant to his custodial fitness. This evidence was, therefore, admissible as to the issue of custody. We find that the evidence supported the judge's child custody award to the appellee. The evidence must demand a contrary verdict before we will reverse the discretion of the trial court. See *Todd v. Todd,* 234 Ga. 156, 157 (215 SE2d 4) (1975).

The more difficult question presented is whether the judge's charge to disregard any evidence of the parties'

---

[1] Had the evidence of appellant's misconduct been limited solely to the fact that he is an alcoholic, that evidence would have been relevant to the jury's determination of alimony and child support, since a husband's general health can affect his earning capacity and ability to pay.

misconduct in fixing alimony and child support effectively withdrew this evidence from the jury's consideration, especially in light of the fact that such evidence was relevant only to the issue of custody, a matter not before the jury.

This court has held that, as a general rule, a judge can withdraw through his charge to the jury irrelevant and immaterial evidence earlier admitted over objection. *Buchanan v. State,* 137 Ga. 774 (1) (74 SE 536) (1912); *McLean v. Hattan,* 127 Ga. 579 (56 SE 643) (1906); *Phoenix Ins. Co. v. Gray,* 107 Ga. 110 (3) (32 SE 948) (1899). These cases further hold, however, that to be effective the charge must distinctly instruct the jury not to consider the evidence thus admitted, calling especial attention to the particular evidence covered by such instructions. See, e.g., *McLean,* supra. These cases also suggest that the result might be different in exceptional cases, such as those instances where the evidence illegally admitted was calculated to injure the objecting party.

The jury in this case heard *extensive* evidence of the appellant's cruelty to his family from six witnesses, including his own children; the evidence extended back in time more than ten years. While the judge generally instructed the jury to disregard the conduct or misconduct of either party in fixing the amount of alimony, he never specifically referred to the particular evidence covered by his instructions. Furthermore, the evidence admitted was both irrelevant to the issues before the jury and highly prejudicial to the appellant. The judge's charge to the jury to disregard misconduct generally could not cure the highly negative impact of the admitted evidence. We find, therefore, that the trial court erred in admitting evidence of appellant's cruelty before the jury.

3. We find appellant's enumerations of error regarding temporary alimony, including attorney fees, to be without merit.

4. The remaining enumerations of error (numbers 2, 3, 4 and 6) need not be ruled upon at this time since the case is being reversed and such alleged errors will not likely recur at another trial.

The judgment is affirmed as to the divorce, custody of the parties' minor children, and temporary alimony,

including attorney fees. The judgment is reversed as to the verdict awarding alimony and child support and dividing the parties' property, with direction for a new trial solely on these issues.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Ingram and Hill, JJ., who dissent.*

ARGUED SEPTEMBER 14, 1976 — DECIDED DECEMBER 1, 1976 — REHEARING DENIED DECEMBER 14, 1976.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr., Rupert A. Brown, Davis, Davidson & Hopkins, Jack S. Davidson,* for appellant.
*Hudson & Montgomery, Jim Hudson,* for appellee.

JORDAN, Justice, concurring in the judgment.
I concur in the judgment only since I dissented in *Anderson v. Anderson,* supra, and cannot agree with all that is said in the opinion.