A92A1042. THOMAS v. JOHNSON et al.
(423 SE2d 306)

ANDREWS, Judge.

Johnson et al. sued Thomas for damages allegedly sustained in an automobile accident. Thomas filed an answer preserving the defenses of lack of personal jurisdiction and defective service of process. He moved for summary judgment and dismissal on grounds that the statute of limitation has expired, and he has never been properly served with the action. We granted this interlocutory appeal to review the trial court's December 9, 1991 order denying Thomas' motions.

The accident occurred on July 16, 1989, and suit was filed on June 18, 1991. A two-year statute of limitation applies. OCGA § 9-3-33. The return of service form shows that after several failed attempts at personal service, Thomas was served by tacking the summons and complaint to the front door of his residence on July 25, 1991. A subsequent affidavit filed by the process server reflects that he went to Thomas' residence on several occasions and attempted to locate Thomas. The affidavit does not indicate that the server ever saw or

spoke to Thomas, or that Thomas was otherwise aware of his presence when service was attempted. Although the process server speculates that Thomas was attempting to avoid service, there are no facts in the record to support such a claim. The affidavit confirms that after several attempts the process server "tacked the summons and complaint on the door." The record does not reflect that any further efforts were made to serve Thomas.

Tacking service to the door of Thomas' residence was clearly not sufficient to comply with the personal service requirements of OCGA § 9-11-4 (d). *Benton v. Modern Finance &c. Co.*, 244 Ga. 533 (261 SE2d 359) (1979). The failure to accomplish personal service in a manner which complies with the statutory scheme requires that the complaint against Thomas be dismissed. *Bible v. Bible*, 259 Ga. 418 (383 SE2d 108) (1989). The statute of limitation for this action expired on or about July 16, 1991, and no personal service has been perfected on Thomas. The plaintiff has failed to act diligently to perfect service, and Thomas was entitled to summary judgment in his favor. *Acord v. Maynard*, 198 Ga. App. 296 (401 SE2d 315) (1991); *McManus v. Sauerhoefer*, 197 Ga. App. 114 (397 SE2d 715) (1990).

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 8, 1992.

*A. Cullen Hammond*, for appellant.
*Walker & Associates, Betty B. Walker*, for appellees.