## A00A2463. DUKE et al. v. BUICE.
### (547 SE2d 561)

PHIPPS, Judge.

Harold and Claudia Duke sued Tina Buice for damages arising out of an automobile collision. The trial court granted Buice's motion to dismiss the action for failure of the Dukes to timely serve Buice. On appeal, the Dukes contend that Buice waived the defense of insufficient service of process by failing to present it in her answer and that notorious service of process was effectively performed upon Buice. We find that Buice adequately raised the issue of insufficient service of process in her answer and that the trial court did not abuse its discretion in finding that Buice was not effectively served.[1] Thus, we affirm the judgment of the trial court.

The automobile collision occurred on March 29, 1995. On March 12, 1997, the Dukes filed their complaint in Henry County Superior Court. On March 15, the sheriff returned service indicating that a copy of the complaint and a summons were left for Buice with her stepfather at her most notorious place of abode — 505 Ivy Edwards Lane, McDonough.

On April 19, Buice filed her "Answer and Defensive Pleadings." She stated therein that her appearance was "subject to all special defenses . . . set forth and without in any manner submitting or subjecting to the jurisdiction of [the] court." Buice asserted as an affirmative defense "insufficiency of process." In response to the allegations of the complaint, she "denie[d] that she may be served with a copy of the Complaint at 505 Ivey Edward Lane, McDonough, Georgia. . . ."[2] The Dukes made no further attempt to serve Buice, and on November 24, 1999, Buice filed her motion to dismiss.

The Dukes contend that Buice's answer failed to put them on

---

[1] Although the trial court did not make specific findings of fact in its order granting Buice's motion, the Dukes concede the trial court necessarily concluded that service upon Buice was insufficient.

[2] The spelling of the street name in Buice's answer is different from that in the summons.

notice that she was asserting the defense of insufficiency of service of process. They emphasize that while Buice's answer stated that she could not be served at 505 Ivey Edward Lane, her enumerated defenses included insufficiency of process and not insufficiency of service of process.

Insufficiency of process and insufficiency of service of process refer to different matters and are separate defenses under OCGA § 9-11-12 (b).[3] But under Georgia's rules of notice pleading, pleadings are liberally construed "to serve the best interests of the pleader."[4] "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end."[5] "[I]t is substance and not mere nomenclature that controls [cits.]; pleadings are judged by their function and not the name given by a party. [Cit.]"[6]

In *Manning v. Robertson*,[7] this court held that the trial court erred in ruling that cross-claims had not been asserted in the defendants' answer when the substance of the claims had been presented within a section of the answer entitled "affirmative defenses."

And in *Crawford v. Randle*,[8] we held that the trial court erred in finding that the defendant had not asserted the defenses of lack of venue and jurisdiction when, in her answer, she admitted the county of her residency but denied that she was subject to the jurisdiction of the court.

In this case, the substance of Buice's answer was sufficient to put the Dukes on notice that she was asserting insufficient service of process among her defenses. Contrary to the Dukes' argument, we find this construction to be one which effectuates the true intent of the pleading and which does "substantial justice."[9]

Next, we consider whether the trial court erred in determining that the statutory requirements for notorious service of process were not fulfilled. A defendant challenging the sufficiency of service bears the burden of establishing that the service was insufficient.[10] A sheriff's return of service "can only be set aside upon evidence which is

---

[3] See generally *White v. Johnson*, 151 Ga. App. 345, 348 (1) (259 SE2d 731) (1979) (where action initiated by filing of affidavit, defense of insufficiency of process referred to defect in affidavit or summons); OCGA § 9-11-12 (b) (4), (5).

[4] (Citation and punctuation omitted.) *Bosworth v. Cooney*, 156 Ga. App. 274, 278 (2) (274 SE2d 604) (1980).

[5] (Citations and punctuation omitted.) Id.

[6] *Manning v. Robertson*, 223 Ga. App. 139, 142 (2) (476 SE2d 889) (1996).

[7] Id.

[8] 191 Ga. App. 112, 113-114 (1) (381 SE2d 77) (1989).

[9] See *McCombs v. Southern Regional Med. Center*, 233 Ga. App. 676, 678 (2) (504 SE2d 747) (1998).

[10] *Cushman v. Raiford*, 221 Ga. App. 785, 787 (472 SE2d 554) (1996).

not only clear and convincing, but the strongest of which the nature of the case will admit."[11]

OCGA § 9-11-4 (e) (7) provides that defendants may be served by "leaving copies [of the summons and complaint] at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . ." The issue here is whether 505 Ivey Edward Lane was Buice's usual place of abode.

> Absent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed. [Cit.] When the evidence is conflicting with respect to the proper receipt of service, as here, it becomes a question of fact to be resolved by the trial judge. [Cit.] . . . Those findings will not be disturbed on appellate review when supported by any evidence. [Cit.][12]

Although the evidence was conflicting, the record contains support for the trial court's determination that 505 Ivey Edward Lane was not Buice's usual place of abode in March 1997. Through her affidavit and testimony at the motion hearing, Buice asserted that 505 Ivey Edward Lane was her mother's home, that she began living with her father in 1995, and that in March 1997 she was living with friends in an apartment. The record also contains an affidavit from Buice's stepfather averring that he told the officer who served the documents that Buice did not live there but that sometimes she stayed there.

The Dukes argue that this case is controlled by *Cushman v. Raiford*,[13] where this court held that the defendant (Raiford) had failed to carry his burden of establishing improper service by clear and convincing evidence. Raiford provided affidavits and testimony indicating that he no longer lived at his father's address, where process had been left for him. But the following evidence indicated that Raiford did in fact still reside at his father's house: (1) in response to the plaintiff's first interrogatories, Raiford listed his father's address as his address; (2) for the two calendar years before he was served, he listed his father's address as his address on both his state and federal income tax forms; (3) he had that address printed on his personal checks even after the time by which he claimed to have moved to another city; (4) he continued to receive mail at his father's address; (5) for more than a year after the date he was served, his driver's license continued to show his address as his father's address; (6) he

---

[11] (Citations and punctuation omitted.) Id.
[12] *Franchell v. Clark*, 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999).
[13] 221 Ga. App. 785.

had not asserted insufficiency of service of process in a preceding action, although his interrogatory responses and deposition testimony indicated that he was living with his grandmother at the time he was served in the earlier action;[14] (7) he previously had moved out of his parents' home temporarily and moved back in; and (8) he admitted that even after the time he claimed he had moved out of his father's home with no intention of returning either temporarily or permanently, he still occasionally spent the night there.[15]

In arguing the similarity of this case to *Cushman*, the Dukes emphasize that Buice continued to receive mail at her mother's home, that her driver's license continued to show her mother's address after the time by which Buice asserted she had moved from her mother's residence, and that she listed her mother's address and telephone number on the statement she gave at the accident scene. The Dukes bolster their argument with testimony from Buice at the hearing on her motion to dismiss where she stated that her mother's home was her home, that she could always be reached there, and that she always gave her mother's address.

But Buice's words have to be considered in context to judge the appropriate weight to give them. Buice was asked why she had not changed the address on her driver's license after the time by which she claimed to have moved and why she had given the officer her mother's address when the accident occurred in March 1995. In her responses, she clearly did not intend to convey that she continued to live with her mother in March 1997, when service was attempted. The import of her words in both instances was that she had been living with her father but that because her father moved a lot she considered her mother's address to be more stable for receiving important communications. Given this background, Buice's contention that in March 1997 her usual place of abode was somewhere other than her mother's home is not defeated by the mere fact that she continued to receive mail at her mother's home or that her driver's license still showed her mother's address. Moreover, the significance of Buice giving her mother's address at the accident scene in March 1995 is limited, given that she does not claim to have moved from her mother's house until 1995.

This case lacks much of the evidence that was present in *Cushman*. Buice did not indicate in interrogatories or depositions that she resided at her mother's home in March 1997; she did not list her mother's address as her address on her income tax returns; she did not list her mother's address on her personal checks after the

---

[14] The plaintiff voluntarily dismissed his original action against Raiford and later refiled suit against him.

[15] 221 Ga. App. at 786-787.

time she claimed she no longer lived there; she had not implicitly conceded that she lived at her mother's home in March 1997 by failing to assert the defense of insufficiency of service of process in a related action; and she did not draw into question the credibility of her statements by unequivocally stating she had moved from her mother's home with no intention of ever returning, even temporarily, and then later admitting that she did in fact occasionally spend the night at her mother's home after the time by which she claimed she had moved.

Unlike in *Cushman*, there is no evidence in this case which really undermines the statements of Buice and her stepfather that Buice did not live at her mother's address in March 1997. Moreover, given the credibility determinations which necessarily have to be left to the trial judge in matters such as this, the trial court could have properly reached a conclusion in this case that the evidence clearly and convincingly established that Buice did not live at her mother's home in March 1997. Therefore, we find that the trial court did not abuse its discretion in dismissing the complaint against Buice for insufficiency of service of process.[16]

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 8, 2001 —
RECONSIDERATION DENIED APRIL 12, 2001 

*William D. Patten, Jr., William R. L. Latson, Martin C. Jones*, for appellants.

*Husser & Frazier, Genevieve L. Frazier, Swift, Currie, McGhee & Hiers, Timothy C. Lemke*, for appellee.

---

[16] See *Franchell*, 241 Ga. App. at 131 (3).