A10A1017. NEWSOME v. JOHNSON.
(699 SE2d 874)

BLACKBURN, Senior Appellate Judge.

Following the entry of default judgment establishing liability in this personal injury case, defendant Latoria Newsome moved to set

aside the judgment on the ground that she was never properly served with process. The trial court denied the motion, denied Newsome's related motion to dismiss the action, denied her request to conduct any discovery, denied her request for oral argument on these motions, and further granted plaintiff Jim Johnson's motion for attorney fees under OCGA § 9-15-14. With leave of this Court, Newsome appeals the orders, arguing primarily that the trial court erred in finding she was properly served. Because some evidence supported a finding of proper service, we affirm the order denying the motions to set aside and to dismiss. We also affirm the order denying oral argument on these motions. However, as conceded by Johnson, we must vacate the order awarding attorney fees in that the court failed to hold a hearing, to make findings of fact, or to designate which subsection of OCGA § 9-15-14 supported the award; we accordingly remand the case with the instruction that the court follow the requisite procedures in determining this issue. As also conceded by Johnson, we must reverse the discovery order insofar as it precludes Newsome from conducting any discovery on damages, as that issue remains to be tried before a jury.

The essential facts are undisputed. Following a July 2007 auto collision in which Newsome allegedly rear-ended Johnson, Johnson in September 2008 filed a personal injury action against Newsome (an Alabama resident) in a Georgia superior court. A nonparty private process server over the age of 18 tried repeatedly to serve Newsome, speaking with her several times on the phone and setting up times to meet her at her self-described Alabama residence to serve process. She was not there each time. In late February 2009, the process server eventually did appear at Newsome's residence when she was home and spoke to her through a closed opaque door, receiving verbal confirmation that she was Newsome; nevertheless, she refused to open the door or to show herself even though the process server announced that he only intended to serve her with legal documents. She instructed him to leave the documents at the door; he agreed, attaching the documents to the door and leaving. The initial affidavit of service was filed on May 1, 2009, which was amended by a more detailed affidavit on July 22, 2009. See OCGA § 9-11-4 (i).

When Newsome failed to file an answer more than two months after service, Johnson successfully moved for default judgment on the issue of liability. Three weeks following entry of default judgment, Newsome filed an answer and requested the opportunity to conduct discovery. When Johnson then moved to strike the answer as untimely, Newsome moved to set aside the default judgment, to dismiss the action for insufficient service, and to have the trial court hear oral argument on the motions. Johnson opposed Newsome's

motions and also filed a motion for attorney fees under OCGA § 9-15-14. Without conducting any hearing, the trial court struck Newsome's untimely answer, denied Newsome's motions to set aside the default judgment and to dismiss the action for want of proper service, denied Newsome the right to conduct any discovery, denied Newsome's request for oral argument, and awarded Johnson attorney fees in the amount of $5,000. With leave of this Court, Newsome appeals these orders.

1. Newsome first argues that the trial court erred in denying her motions to set aside the default judgment and to dismiss the complaint, which motions claimed that service of process was insufficient. We hold that the evidence supported the trial court's factual finding that Newsome was properly served.

The relevant statutes provide as follows. OCGA § 9-10-94, which governs the service of process on nonresident defendants, states that such defendants "may be served with a summons outside [Georgia] in the same manner as service is made within [Georgia]," and that such service may be effectuated by any person authorized to make service by the laws of the foreign state. Here, Alabama authorized any person 18 years old and older, who was not a party to the action, to serve process. Ala. R. Civ. P. Rule 4 (i) (1) (B). "Under the facts of the case sub judice, the two methods of service in Georgia [were] to either serve the defendant personally or to leave 'copies thereof at [her] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.' OCGA § 9-11-4 [(e)] (7)." *Jacobson v. Garland.*[1]

In determining whether the trial court erred in its factual finding that Newsome was personally served, we apply the following principles:

> Where a defendant claims there was a failure of service, the trial court has the authority to decide as a factual matter whether service has occurred. *This finding will not be disturbed as long as there is some evidence to support it.* Further, when a defendant in a lawsuit challenges the sufficiency of service, he• bears the burden of showing improper service. The process server's return of service can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit.

(Citation and punctuation omitted; emphasis supplied.) *Jacobson,*

---

[1] *Jacobson v. Garland,* 227 Ga. App. 81, 81-82 (487 SE2d 640) (1997).

supra, 227 Ga. App. at 83-84. See *Nesmith v. Landmark Dodge, Inc.*[2]

Some evidence supported the trial court's finding here that personal service occurred. First, we note that *Newsome submitted no evidence whatsoever* to carry her burden of showing improper service, let alone the strongest, clear, and convincing evidence required to overcome a return of service. For example, she did not even submit an affidavit from herself that denied she was served or that challenged any of the facts set forth in the affidavits of service. Rather, she relied solely on her interpretation of the wording in those affidavits so as to argue proper service did not occur. Thus, the trial court had no evidence controverting any of the facts set forth in the affidavits submitted as returns of service.

Second, Newsome's arguments regarding the wording of the affidavits have no merit. She argues that the first affidavit showed only that the process server tacked the documents to the door; that the second affidavit setting forth more details as to what occurred should not have been considered; that no evidence showed that the residence where service occurred was her residence; that the second affidavit did not state that she identified herself as Latoria Newsome; that her hiding behind the door so as to prevent the male process server from seeing her meant that he could not personally identify her as Newsome; that the affidavits contained conflicting information in that three dates (all within the same week) were identified as the dates of service and in that the first affidavit initially indicated her address was either 543 Uchee Road or 537 A Uchee Road (although both affidavits later described the address as 537 A Uchee Road); and that the affidavits were not timely filed. These arguments fail.

OCGA § 9-11-4 (i) specifically authorizes a court to consider subsequent affidavits that amend previous returns of service unless it clearly appears that material prejudice to the process receiver would result. As no such prejudice appeared here, the trial court properly considered the second affidavit of service, which identified Latoria Newsome as the person on whom service was being attempted and which for the sake of brevity referred to her as "Ms. Newsome" thereafter. The process server spoke repeatedly with "Ms. Newsome" on the phone, who identified her residential address to the server and who promised to be there at certain times for service. He went to that identified address, where a woman identified herself as "Ms. Newsome" but refused to open the door, despite his explanation that he was only there to serve legal documents. Per her instruction, he left the documents at the door and left.

---

[2] *Nesmith v. Landmark Dodge, Inc.*, 302 Ga. App. 315, 315-316 (691 SE2d 240) (2010).

"It is the duty of a defendant to accept and submit to the service of process when he is aware of the process server's purpose." (Punctuation omitted.) *Jacobson*, supra, 227 Ga. App. at 83. Indeed,

> [i]t is generally held that if the process server and the defendant are within speaking distance of each other, and such action is taken as to convince a reasonable person that personal service is being attempted, service cannot be avoided by physically refusing to accept the summons.

(Punctuation omitted.) Id. Here, some evidence showed that Newsome gave her address to the process server, that she identified herself to him when he arrived at that address, that he informed her he intended to serve process on her, that she refused to open the door to allow him to see her or to allow him to physically hand the summons to her, and that at her instruction, he left the material at the door. This meets the standard set forth in *Jacobson*. See also *Hickey v. Merrit*.[3] His failure to see her with his own eyes resulted from her refusal to open the door; she cannot seek to benefit from her own refusal to cooperate.

The conflicting information as to the precise date of service (all dates were within the same week) or as to the precise address on Uchee Road is immaterial, as she failed to file any answer for several months, and as she was at the address at which service was made. Moreover, the trial court could certainly resolve any conflicts in the evidence. See *Vibratech, Inc. v. Frost*[4] ("[f]actual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is *any evidence* to support them") (punctuation omitted; emphasis in original).

The argument as to the timing of the filing of the return of service bears no weight in determining whether in fact proper service was made. As stated in *Montgomery v. USS Agri-Chemical Div.*:[5]

> Where there has been valid service and no return, the deficiency may be supplied before taking further steps in the cause. If there has been service and a voidable or defective return, it may be amended even after judgment, so as to save that which has been done under service valid in fact but incompletely reported to the court. *For in its last*

---

[3] *Hickey v. Merrit*, 128 Ga. App. 764, 765-766 (197 SE2d 833) (1973).

[4] *Vibratech, Inc. v. Frost*, 291 Ga. App. 133, 140 (1) (b) (661 SE2d 185) (2008).

[5] *Montgomery v. USS Agri-Chemical Div.*, 155 Ga. App. 189, 191-192 (2) (270 SE2d 362) (1980).

> *analysis it is the fact of the service, rather than the proof thereon by the return, which is of vital importance. . . .* [This comports with] the well settled rule that the critical question is the fact of service and not the nature of the return. . . . [Thus,] the actual facts control, and if jurisdiction was actually acquired over the persons of the defendants, that fact should govern. It is the fact of service which confers jurisdiction, and not the return, and the latter may be amended to speak the truth.

(Citations and punctuation omitted; emphasis supplied.) See OCGA § 9-11-4 (h) ("[f]ailure to make proof of service shall not affect the validity of the service").

Finally, the cases cited by Newsome as showing that the leaving of the process at the door was insufficient (*Benton v. Modern Finance & Investment Co.*;[6] *Fain v. Hutto*;[7] *Thomas v. Johnson*[8]) are all distinguishable in that in each of these cases, the process server left the summons at the defendant's door without first speaking with the defendant at that door to confirm that the defendant was at home and was aware service was being attempted. Physically seeing the defendant is not the critical factor; rather, interacting or speaking with that defendant at the location at the time of service so as to alert her to the fact that service was being attempted is the critical factor, at least under the facts of the present case. This fact addresses the concern expressed by *Benton* that otherwise the defendant might be absent from the abode for an extended length of time or might be in the process of moving from one residence to another, or that the copy might be destroyed by inclement weather or be removed by other persons. Supra, 244 Ga. at 535.

Because some evidence supported the trial court's finding that personal service occurred, we affirm the trial court's orders striking the untimely answer, denying the motion to set aside default judgment, and denying the motion to dismiss the action.

2. Newsome contends that the trial court erred in failing to allow her to present oral argument on the motions to strike the answer, to set aside the default judgment, to dismiss the action, and to make discovery. However, Uniform Superior Court Rule 6.3 states: "Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment

---

[6] *Benton v. Modern Finance & Investment Co.*, 244 Ga. 533, 535 (261 SE2d 359) (1979).

[7] *Fain v. Hutto*, 236 Ga. 915, 917 (1) (225 SE2d 893) (1976).

[8] *Thomas v. Johnson*, 205 Ga. App. 753, 754 (423 SE2d 306) (1992).

notwithstanding the verdict. . . .["9] "Accordingly, unless a hearing is specifically required by Rule 6.3, a trial court's failure to conduct a hearing will not constitute reversible error absent abuse of discretion." *Stewart v. Turner*.[10] Newsome has failed to show any abuse of discretion here. Accordingly, we affirm the order denying oral argument on the referenced motions.

3. Newsome complains that the trial court erred in awarding Johnson attorney fees under OCGA § 9-15-14. Specifically, Newsome notes that the court neither held any hearing on the matter nor made any findings of fact specifying the conduct that justified the award. Johnson concedes that due to these defects, the award should be vacated. See *MacDonald v. Harris*[11] ("[w]here the trial court fails to hold a required hearing on a motion for attorney fees, or fails to support the award with requisite findings, our normal procedure is to vacate the award and remand for further proceedings"). See also *DeRossett Enterprises v. Gen. Elec. Capital Corp.*[12] ("[t]he trial court must conduct a hearing on a motion for attorney fees and make findings of fact that specify the conduct upon which the award is made").

We agree with the parties but state further that on remand, the trial court must also "identify the statutory basis under either subsection (a) or (b) [of OCGA § 9-15-14] for the award." *Meacham v. Franklin-Heard County Water Auth.*[13] Accordingly, we vacate the order awarding Johnson attorney fees and remand the case for proceedings consistent with the instructions contained in this Division.

4. Finally, Newsome argues that the trial court erred in refusing to allow her to make discovery on the issue of damages, which issue remained pending for jury trial. Johnson readily concedes that the trial court erred in this regard.

We agree with the parties that the trial court erred.

> Even though liability was resolved by the default of defendant, the question of damages remained for resolution by a jury. Defendant has the right to introduce evidence on [her] own behalf on the issue of damages. It follows that [she] has

---

[9] Oral argument on summary judgment motions is required when timely and properly requested. Id.

[10] *Stewart v. Turner*, 229 Ga. App. 119, 120 (1) (493 SE2d 251) (1997).

[11] *MacDonald v. Harris*, 266 Ga. App. 287, 288 (597 SE2d 125) (2004).

[12] *DeRossett Enterprises v. Gen. Elec. Capital Corp.*, 275 Ga. App. 728, 731 (4) (621 SE2d 755) (2005).

[13] *Meacham v. Franklin-Heard County Water Auth.*, 302 Ga. App. 69, 77 (4) (690 SE2d 186) (2009).

the right to engage in discovery to include the taking of plaintiff's deposition on the issue.

*Taylor v. Stapp.*[14] See *Russaw v. Burden*[15] (as defendant "was entitled to introduce evidence on his own behalf on the issue of damages, it follows that he also had the right to engage in discovery") (punctuation omitted). We reverse the trial court's order insofar as it does not allow Newsome any discovery on the issue of damages.

*Judgment affirmed in part, reversed in part, and vacated in part, and case remanded with instruction. Barnes, P. J., and Andrews, P. J., concur.*

DECIDED AUGUST 13, 2010.

*Tavis L. Knighten, Mary K. Durant,* for appellant.
*Philips Branch, Ben B. Philips, Brian M. Worstell, Stephen J. Hodges,* for appellee.

---

[14] *Taylor v. Stapp*, 134 Ga. App. 468, 469 (3) (215 SE2d 23) (1975).
[15] *Russaw v. Burden*, 272 Ga. App. 632, 635 (2) (b) (612 SE2d 913) (2005).