**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**July 31, 2025**

# In the Court of Appeals of Georgia

A25A1075. PERRY v. PETERSON

PADGETT, Judge.

Michael Perry appeals the trial court's order granting Daryll Peterson's[1] "motion to dismiss for failure to perfect service" and dismissing Perry's complaint with prejudice. For the reasons that follow, we reverse.

We review a trial court's order of dismissal for insufficiency of service of process for an abuse of discretion. *Parsons v. Mertz*, 320 Ga. App. 786, 788 (1) (740 SE2d 743) (2013). "Such an abuse occurs where the trial court's ruling is unsupported by any evidence of record or where th[e] ruling misstates or misapplies the relevant

---

[1] We recognize that in the record below and in his own filing on appeal, Defendant-Appellee's correct last name appears as "Pearson" and not Peterson. Within this opinion, we refer to Defendant-Appellee as Pearson.

law." Id. (citation and punctuation omitted). Stated otherwise, on the latter basis, where an appeal presents questions of law, this Court owes no deference to the trial court's ruling and we review those questions de novo. *Szymanski v. Truist Bank*, 372 Ga. App. 43, 43 (903 SE2d 752) (2024).

With these standards in mind, the record shows that Perry and Pearson were involved in a motor vehicle accident on June 28, 2022, and approximately 16 months later, on October 19, 2023, Perry filed suit against Pearson in the State Court of Bryan County seeking damages for personal injuries arising out of the accident. On November 16, 2023, Pearson filed a special appearance and answer to the complaint, propounded written discovery to Perry, and responded to written discovery Perry had served with the complaint. Shortly thereafter, on December 15, 2023, Perry moved to transfer venue to the correct forum, the State Court of Carroll County. The order transferring venue to Carroll County was entered on January 5, 2024.

Following transfer of the case to Carroll County, on January 23, 2024, Perry's counsel mailed a copy of the summons, complaint, and a sheriff's entry of service form to the Carroll County Sheriff's Office. And on February 15, 2024, a sheriff's deputy personally served Pearson with a copy of the complaint and summons. Perry's

counsel received the completed sheriff's entry of service form on March 1, 2024, which again showed that personal service was made on Pearson at his residence on February 15, 2024.

Pearson then filed an answer to Perry's complaint in Carroll County on March 14, 2024, denying liability and asserting a number of affirmative defenses, including insufficiency of service of process.[2] As he did in the Bryan County action, Pearson also propounded written discovery to Perry and responded to the latter's written discovery at the same time he filed his answer to the complaint.

Four months later, on July 16, 2024, Pearson filed a motion to dismiss "for failure to perfect service of process," arguing that because the statute of limitations expired on June 28, 2024, and Perry had "not perfected service of process upon [Pearson]," the complaint should be dismissed with prejudice. Perry filed his response in opposition to the motion on August 16, 2024, at which time he also filed the sheriff's entry of service showing that Pearson was personally served on February 15,

---

[2] Unlike Pearson's answer in Bryan County, which he titled and alleged as a "Special Appearance and Answer," his answer once the case was brought in Carroll County was denominated not as a special appearance, but as an "Answer to Plaintiff's Complaint."

3

2024. The trial court granted the motion and dismissed Pearson's complaint with prejudice, holding:

> Service can be perfected when a proper service agent delivers the complaint and the summons to the defendant, and service is fil[ ]ed with the clerk. A Sheriff's Deputy was sent to the defendant's address on February 15[ ], 2024, and recorded that the Defendant was serv[ ]ed via personal service. . . . However, these operations were not e-filed with the Clerk . . . until August 16[,] . . . well outside both the statu[t]e of limitations (June 28[ ], 2024) and outside of any statutory safe harbors. . . . The plaintiff has not show[n] . . . in the month in between [the motion to dismiss] and the filing [of proof of service] . . . the [g]reatest [p]ossible [d]iligence being exercised in seeking to p[er]fect service.

Upon Perry's motion for reconsideration of that order, the trial court further held that it is the filing of the proof of service that commences an action against a defendant and that without a filed proof of service, there is no "live action." Thus, the trial court ruled that because "service was [not] made valid" until the filing of proof of service on August 16, 2024 — a date after the two-year statute of limitations had run — Perry was required to have exercised the "greatest possible diligence" in filing the proof of service once Pearson had filed the motion to dismiss on July 16, 2024. While

4

acknowledging that Perry had 30 days to respond to Pearson's motion to dismiss,[3] the trial court nonetheless determined that Perry had not demonstrated the requisite diligence in filing the proof of service and that therefore, service on Pearson would not relate back to the date of the filing of the complaint and the action was time-barred. This appeal followed.

In three related enumerations of error, Perry argues that the trial court erred in treating the filing of proof of service as an integral element of service itself, concluding that an action against a defendant "does not begin" until the plaintiff files a return of service with the court, and thus holding that Perry's complaint should be dismissed for insufficiency of process. Notably, Pearson — in his arguments before both the trial court and this Court — "does not contest the sufficiency upon whom service was made, or whether service was proper," and in fact affirmatively concedes that "service [on Pearson] in Carroll County was effectuated on February 15, 2024, four months before the statute of limitations ran." We now reverse.

1. We agree that the trial court erred in treating the filing of proof of service as an element of service itself, in contravention of OCGA § 9-11-4 (h).

---

[3] Uniform Sate Court Rule 6.2.

We begin with the plain language of OCGA § 9-11-4,[4] which governs process, service of process, and the "return" or proof of service. Under OCGA § 9-11-4 (e), service of process — or the method by which a defendant is provided with a summons and complaint — on an individual defendant such as Pearson, occurs when a person of the type identified in OCGA § 9-11-4 (c) personally provides the summons and complaint to the defendant, leaves the summons and complaint at the defendant's dwelling with a person of suitable age and discretion who also resides at the dwelling, or delivers the summons and complaint to an agent authorized by appointment or by law to receive service of process on behalf of the defendant. See OCGA § 9-11-4 (e) (7) ("Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows . . . .). There are no other requirements for accomplishing "service of process" on an individual defendant, located in the state, in a negligence action such as this one, other than that which is set forth in OCGA § 9-11-4 (e) (7).

---

[4] "In interpreting any statute, we necessarily begin our analysis with familiar and binding canons of construction. And in considering the meaning of a statute, our charge is to presume that the General Assembly meant what it said and said what it meant. So, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, . . . and seek to avoid a construction that makes some language mere surplusage." *Kemron v. Environmental Svcs., Inc. v. Prospira Paincare, Inc.*, 362 Ga. App. 727, 730 (870 SE2d 53 (2022) (citation and punctuation omitted).

See generally *Ga. Pines Community Svc. Bd. v. Summerlin*, 282 Ga. 339, 340 (1) (647 SE2d 566) (2007) ("In statutes regarding 'service of process,' the word 'service' is a term of art referring to the 'formal delivery of a writ, summons, or other legal process.' The 'formal delivery' may be accomplished by handing the 'process' — here, the summons and complaint — to a specific individual.") (citation omitted).

Separate and apart from accomplishing this formal delivery of the summons and complaint to a defendant, OCGA § 9-11-4 (h) provides:

> The person serving the process shall make proof of such service with the court in the county in which the action is pending within five business days of the service date. If the proof of service is not filed within five business days, the time for the party served to answer the process shall not begin to run until such proof of service is filed. . . . *Failure to make proof of service shall not affect the validity of the service.*

OCGA § 9-11-4 (h) (emphasis supplied). Here, the trial court conflated service of process under OCGA § 9-11-4 (e) with the filing of proof of service, and therefore incorrectly expanded the definition of "service of process" or what it means to accomplish service of process, in a way that contravenes the plain language of OCGA § 9-11-4 (h). See *Kemron Environmental*, 362 Ga. App. at 732 (holding that OCGA § 9-11-4 (h) "has nothing to do with how a [party] is to be served" under the full

provisions of OCGA § 9-11-4; "[t]o the contrary, OCGA § 9-11-4 (h) concerns the 'return' of service once [service] has already been made").

Our case law is fully consistent with, and reinforces, the clear instruction of OCGA § 9-11-4 (h) that proof of service is not part of the act of service and shall not affect its validity. See *Lewis v. Waller*, 282 Ga. App. 8, 9-10 (1) (a) (637 SE2d 505) (2006) (holding that plaintiff was entitled to default judgment where there was no dispute that defendant was served and had not answered, even though plaintiff filed proof of service five months after service and with the motion for default judgment);[5] *McPherson v. McPherson*, 238 Ga. 271, 273 (4) (232 SE2d 552) (1977) (rejecting the argument that the trial court's improper dismissal could nonetheless be affirmed based on plaintiff's failure to make a return of service as required by the statute because it also provided that "[f]ailure to make proof of service shall not affect the validity of the service"); *Cosby v. Lewis*, 308 Ga. App. 668, 674 (2) (708 SE2d 585) (2011) (recognizing that compliance with "proof of service" provisions of OCGA § 9-11-4

---

[5] While the dispute in *Lewis* was governed by an earlier version of OCGA § 9-11-4 (h) that did not expressly extend the time for answering, but rather, required the proof of service to be filed "promptly and, in any event, within the time during which the person served must respond to the process," our holding rested on the same language present in the current statute: "[f]ailure to make proof of service [does] not affect the validity of the service." *Lewis*, 282 Ga. App. at 10 (1) (a) (citations omitted).

(h) "bears no weight in determining whether proper service was in fact made"); *Newsome v. Johnson*, 305 Ga. App. 579, 583-584 (1) (699 SE2d 874) (2010) (rejecting the argument that the timing of the filing of the return of service has any effect on the question of whether proper service was made).

Our Supreme Court's decision in *Jones v. Bibb Brick Co.*, 120 Ga. 321 (48 SE 25) (1904), relied upon by Pearson and the trial court and which long precedes adoption of the Civil Practice Act, does not require a different result. Particularly in light of the plain language of OCGA § 9-11-4 (h), we read the language in *Jones* to hold that, in the context of a default judgment or a motion to set aside such a judgment, as was the case in *Jones*, proof of service by way of a return is required to assure the trial court of the fact of service and jurisdiction over the defendant. In the absence of such, a trial court "ought" not proceed with entry of a default judgment until that proof is supplied. See *Jones,* 120 Ga. at 325 ("Process and service are essential. But the return, being only evidence of what the officer has done in serving the writ, . . . . it is manifest that a court ought not to proceed without having a legal return of record to show that its process had been actually served and that it had acquired jurisdiction over the

9

person of the defendant.").[6] That is, the Court held that where either process or the return did not exist or was void for not complying with the requirements of actual service, a judgment "predicated solely thereon" — a default judgment — was a nullity. Id. at 325.[7] More broadly and relevant here, the Court's additional observations in *Jones* underscore that where actual service has been made, the

_____

[6] The Supreme Court's decision in *Jones*, and the trial court below, cite to the Supreme Court's decision in *Callaway v. Douglasville College*, 99 Ga. 623 (25 SE 850) (1896), as support for the proposition that, in the absence of a return of service, "the court cannot proceed." *Jones*, 120 Ga. at 324. However, the decisions in *Jones* and *Callaway* are themselves inconsistent on this point. Specifically, as it considered whether to set aside a default judgment, the court in *Jones* was explicit that the return itself "is not jurisdictional," and hence observed that "it is manifest that a court *ought* not proceed without having a legal return of record to show that its process had been actually served and that it had acquired jurisdiction over the person of the defendant." Id. (emphasis supplied). However, the notion that a court "cannot proceed" with a default judgment without a return of service comes from the court's two-sentence opinion in *Callaway*, which takes the contrary position: "A legal return of service is essential in a civil action to give the court jurisdiction of the person of the defendant, and until such return has been made the defendant is not required to plead to the merits." *Callaway*, 99 Ga. at 623.

[7] For this very functional reason, before entry of a default judgment, the uniform rules of our superior and state courts require the party seeking the judgment to certify in writing, among other things, the date and type of service effected; that proof of service was filed with the court within five business days of service, or if not filed within those five days, the date on which proof was filed; and that no defensive pleading has been filed by the defendant. See Uniform Superior Court Rule 15; State Court Rule 15.

particulars of the proof of service, which we hold to include the fact of filing, are issues that can be corrected later in the proceedings. Id. As the court stated:

> Where there has been valid service and no return, the deficiency may be supplied before taking further steps in the cause. If there has been service and a voidable or defective return, it may be amended even after judgment, so as to save that which has been done under service valid in fact but incompletely reported to the court. For in its last analysis it is the fact of the service, rather than the proof thereon by the return, which is of vital importance.

Id. As we have explained in subsequent decisions,

> [t]his comports with the well settled rule that the critical question is the fact of service and not the nature of the return. Thus, the actual facts control, and if jurisdiction was actually acquired over the persons of the defendants, that fact should govern. It is the fact of service which confers jurisdiction, and not the return, and the latter may be amended to speak the truth.

*Cosby*, 308 Ga. App. at 674 (2) (quoting *Newsome v. Johnson*, 305 Ga. App. 579, 583-584 (1) (699 SE2d 874) (2010)); see also *Montgomery v. USS Agri-Chemical Div.*, 155 Ga. App. 189, 191-192 (2) (270 SE2d 362) (1980) (finding that prior decisions' distinction among "void" and "voidable" returns of service "cannot be reconciled with the Civil Practice Act" and its command that "[f]ailure to make proof of service

11

shall not affect the validity of service"); *Olvey v. C & S Bank of Clayton County*, 146 Ga. App. 484, 485 (246 SE2d 485) (1978) (upholding denial of motion to set aside default judgment where proof of service was filed two and three months after service on defendants and three days before default judgment was entered, and rejecting the proposition that a late-filed return of service, where there is no challenge to service itself, precludes a trial court from entering a default judgment, so long as the return is filed before entry of that judgment).

Finally, we reject Pearson's argument that the plain language of OCGA § 9-11-4 (h) and the case law cited herein are "irrelevant" because the timing of the filing of proof of service here was more than two years after the accident, a time at which he maintains the statute of limitations had expired. Because the plain language of OCGA § 9-11-4 makes clear that the filing of proof of service is not part of service itself and because Pearson concedes that service was made on him four months before the statute of limitations would have run, thereby providing the trial court with jurisdiction,[8] Perry's action was "brought within two years after the right of action

---

[8] See Division 2, infra.

accrue[d]," in compliance with OCGA § 9-3-33.[9] The act of filing proof of service —

which explicitly does not affect the validity of service — at a date beyond which the

statute of limitations would have run, had suit not been filed and service been made

in a timely fashion, did not retroactively void service that complied with OCGA § 9-

11-4 (e) (7) and divest the trial court of authority to hear the case.

2. Closely related to the foregoing, we likewise agree that the trial court erred

in concluding that, where a plaintiff does not file proof of service within five business

days of service, "the action against the [d]efendant does not begin" until the plaintiff

files proof of service with the court pursuant to OCGA § 9-11-4 (h).

More precisely, "[a] suit commences only after the filing of a [complaint] and

the proper service of process upon the defendant as required and authorized by law."

*Anglin v. State Farm Fire & Cas. Ins. Co.*, 348 Ga. App. 362, 364 (1) (823 SE2d 51)

(2019) (citation and punctuation omitted). For it is the effecting, perfecting, or

accomplishing of service under OCGA § 9-11-4 (e) or (f) that invests the court with

jurisdiction over the defendant, which in turn, constitutes a "pending suit." See

*Thorburn Co. v. Allied Media of Ga., Inc.*, 237 Ga. App. 800, 802 (1) (516 SE2d 833)

---

[9] See also Division 4, infra.

13

(1999).[10] With valid service on a defendant and thus jurisdiction and a pending suit, the only consequence of a plaintiff not filing proof of that service within five business days is that the 30-day time period for the properly served defendant to answer the complaint does not begin to run until the proof is filed. See OCGA § 9-11-4 (h). Failure to file proof of service within five business days pursuant to OCGA § 9-11-4 (h) does not divest the court of jurisdiction over a properly served defendant or provide an independent basis for challenging the sufficiency of service of process. See *Bonner v. Bonner*, 272 Ga. 545, 546 (2) (533 SE2d 72) (2000) (personal jurisdiction is obtained "by appearance or by serving the proper process in the manner required by law") (citation and punctuation omitted); OCGA § 9-11-4 (h). Thus, the only effect of the timing of Perry's initial non-filing of the proof of service was to extend the time for Pearson to answer the complaint — a procedural option he chose not to avail himself of — and nothing more. See OCGA 9-11-4 (h); see also *Florez v. State, ex rel.*

---

[10] Again, in line with our holding in Division 1, our discussion in *Thorburn* about "perfecting service" in order to "constitute a pending suit" related solely to service — the act of delivering the summons and complaint to the defendant in the manner authorized by law — under a prior version of OCGA § 9-11-4 (d) and a similar service provision under the Business Code, OCGA § 14-2-1510. *Thorburn*, 237 Ga. App. at 802 (1). *Thorburn* does not stand for the proposition, as Pearson argued before the trial court, that "perfecting," effecting, or accomplishing service includes filing proof of service as set forth in OCGA § 9-11-4 (h).

*Altman*, 311 Ga. App. 378, 379 (1) (a) (715 SE2d 782) (2011) (emphasizing that the effect of a plaintiff failing to file proof of service within the time provided by the statute is to toll the running of the time for the defendant to answer).[11]

3. We thus agree that the trial court erred in dismissing Perry's complaint for insufficiency of service of process.

First, where, as here, the defendant conceded that valid service was made four months before the statute would have run, such concession obviated the need for any proof at all that service was sufficient and dismissal not warranted. See *Roberts v. Roberts*, 226 Ga. 203, 205 (1) (173 SE2d 675) (1970) (finding the statutory language "[f]ailure to make proof of service shall not affect the validity of service" "virtually

_____

[11] By way of further example, there are other procedural postures wherein jurisdiction is established over the defendant by valid service, yet a lack of proof of service within the record does not preclude the parties from proceeding or the court from acting. For instance, where a defendant is properly served and chooses to file his or her answer within 30 days from the date of service, as was the case here, a trial court is nonetheless empowered to proceed with the case regardless of whether the plaintiff has yet filed proof of service with the clerk. Moreover, defendants in some civil actions may choose not to assert insufficiency of service of process as an affirmative defense, and in other actions, they may assert the defense but never move to dismiss on that basis. Certainly in these scenarios, a plaintiff's failure to file proof of service within five business days of service does not strip the trial court of its authority.

eliminates the requirement of proof of service, except such as will satisfy the trial court in its discretion" as it rules on whether service was actually accomplished).

Even if Pearson had not conceded valid service within the statute and instead planned to contest compliance with OCGA § 9-11-4 (e) (7), he bore the burden of showing improper service, and once the return came before the court as evidence, the return was prima facie proof "as to the facts recited therein," which could only be set aside by clear and convincing evidence that those facts were untrue. *Russell v. Muscogee County School Dist.*, 341 Ga. App. 229, 232 (1) (800 SE2d 7) (2017) (citations and punctuation omitted). In order for Pearson to carry his burden of showing improper service, he was required to present evidence that the summons and complaint were not provided to him in the manner prescribed by OCGA § 9-11-4 (e) (7), not simply to point to the fact that a proof of service had not been filed. This is because, again, a failure to file such proof expressly does not affect the validity of service and, according to our case law, that proof can be supplied or filed before the court enters an order or judgment. Moreover, the particular date on which Perry filed proof of service here did not alter the facts recited within the sheriff's entry form — namely, that personal service on Pearson was made on February 15, 2024, more than four months before the

16

statute of limitations would have expired. For these reasons and those discussed, supra, in Divisions 1 and 2, the trial court erred in granting Pearson's motion to dismiss for insufficiency of service of process.

4. Finally, although not denominated as an enumeration of error, we would be remiss if our de novo review did not address the trial court's application of a "diligence" standard for the filing of the proof of service and its further determination of whether that filing would "relate back" to the filing of the complaint. The trial court's reliance on case law considering when service will relate back to the time of the filing of the complaint was inapposite here. The issue of "diligence" in effecting service and the related determination of whether service will relate back is limited to the unique circumstances where the complaint is filed near the expiration of the statute of limitations and service is effected after the statute has expired, such that the latter will relate back and protect the action from being time-barred. See generally *Griffin v. Trinidad*, 357 Ga. App. 492, 494 (1) (850 SE2d 878) (2020); *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 317-318 (2) (765 SE2d 413) (2014). That case law is inapplicable where the complaint is filed and service is effected before the statute runs, and proof of service is filed after the statute would have run, had the

17

complaint not been filed and service not been effected before expiration of the statute. Here, both the proof of service and Pearson's own admission established that service was effected well before the statute ran; there was thus nothing to which service needed to "relate back." Our decisions discussing the diligence required in order for service to relate back to the filing of the complaint, when service is made after the statute of limitations has run, have no bearing on the timing of filing a proof of service under OCGA § 9-11-4 (h).

*Judgment reversed. Doyle, P. J., and Markle, J., concur.*